Jan Dean **HANSEN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–472.

Court of Criminal Appeals of Oklahoma.

June 3, 1975.

Rehearing Denied June 23, 1975.

Don E. Gasaway, George P. Phillips, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

The appellant, Jan Dean Hansen, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Tulsa County of the crime of Sale of Material Containing Photographs of Acts of Sexual Intercourse Between Persons. Punishment was assessed at a term of one (1) year in the state penitentiary and a fine of $25,000. From a judgment and sentence in conformance with said verdict the defendant has perfected his timely appeal.

The State presented one witness, Tulsa Police Officer R. E. Cartner, who testified that on the 5th day of September, 1973, he entered the Sheridan Book Mart, an adult bookstore in Tulsa for the purpose of serving an arrest warrant upon an employee of the store. The officer was advised by the defendant that the other employee had just completed his shift and was gone. The officer then browsed through the store and purchased a magazine entitled "Deep Throat" from the defendant. The witness testified that he asked the defendant prior to the purchase whether it was one of his good books and the defendant said that it was. He further asked the defendant if it

was about Linda Lovelace and if she did her thing in the book. Again the defendant answered in the affirmative. After the officer looked through the book, he arrested the defendant. The magazine, which contained explicit pictures of persons engaged in sexual intercourse, was introduced into evidence and submitted to the jury for examination. The State then rested.

The defense called five (5) witnesses, including the defendant. An employee of a large retail bookstore in the Tulsa area testified that he was familiar with sexually explicit material and that his store had sold approximately 1,000 copies of the popular "*Joy of Sex*" in the last year. He further testified that they had sold numerous paperbacks about the notorious Linda Lovelace and her sexual escapades and that the sale of sexually explicit material amounted to approximately ten percent of the gross sales of the store. Dr. Harold Eugene Hill, an ordained Presbyterian minister and associate professor of religion at the University of Tulsa, testified that he used sexually explicit material in counseling under situations that required same and that the subject magazine had a written text which he found to be a social, political commentary. He likened the explicitness of the magazine to the explicitness of the "*Joy of Sex*". Two subsequent witnesses testified that they were each familiar with sexually explicit material, that they had discussed material with persons in the community and it was their opinion that those persons in the community believed that an adult should have the right to buy such material if desired. Each viewed the magazine with indifference and stated that it did not appeal to their prurient interests.

The defendant then testified in his own behalf stating that he was a student at Tulsa Junior College and had worked at the bookstore for approximately two weeks. He further testified that he had never looked through the magazine which he sold to the officer and that he had never made any statement to the officer concerning what was in the magazine.

■ The defendant's first proposition in error urges that 21 O.S. § 1040.51 under which the information was filed, trial conducted and judgment and conviction rendered was at the time of the filing of said information unconstitutional in light of the rulings of the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct 2607, 37 L.Ed.2d 419, and its companion cases. The defendant further urges that the retroactive application of the Miller standards to the defendant in the instant case violates the constitutional ex post facto law proscription and that this Court's authoritative construction of § 1040.51 in State v. Combs, Okl.Cr., 536 P.2d 373, was an unconstitutional usurpation of the legislative function.

All of the above arguments are answered in the negative by this Court in its recent decisions in Hess et al. v. State, Okl.Cr., 536 P.2d 362 and Combs v. State, Okl.Cr., 536 P.2d 373. See also Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed. 2d 590 (1974) and Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498.

■ The defendant's next proposition urges that the trial court committed reversible error in failing to suppress introduction of the material because no adversary proceeding to make a preliminary determination of and focus searchingly on the issues of obscenity as required by Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745, was held prior to issuance of a warrant for the arrest of the defendant. We disagree. In both *Combs* cases, supra, and in Cherokee News & Arcade, Inc. v. State, Okl.Cr., 533 P.2d 624, this Court specifically held that a prior adversary hearing is not required when allegedly obscene material is obtained by purchase and no seizure is involved.

■ The defendant next contends that the burden of proof was improperly placed on the defendant to prove his innocence

rather than upon the State to prove his guilt, arguing that the only evidence of obscenity submitted by the State was the magazine itself. It is not a mandatory prerequisite to establish a prima facie case that the State present witnesses to establish the existence of the Miller standards. The introduction of the material and submission of same to the jury is sufficient. McCrary v. State, Okl.Cr., 533 P.2d 629 and Combs v. State, Okl.Cr., 536 P.2d 373.

■ Defendant further argues that Instruction No. 6 given by the trial court placed the burden of proving non-obscenity on the defendant. Instruction No. 6 is as follows:

"You are further instructed that the laws of the State of Oklahoma do not prohibit the sale of such material meeting the following standards:

1. Pursuant to medical prescription or for use in any recognized school of medicine or veterinary science for education purpose.

2. If the average person, applying contemporary community standards, would not find that the material, taken as a whole, appeals to one's prurient interest.

A. In applying contemporary community standards the material's impact on an average person must be determined, not the impact on a particularly susceptible or sensitive person, or, indeed, a totally insensitive one.

B. Prurient is defined by Funk & Wagnalls dictionary as: 1. Impure in thought and desire; lewd. 2. Having lustful cravings or desires. 3. Longing, desirous.

3. If the depiction, otherwise prohibited by the State Law, of sexual conduct, is not so depicted in a patently offensive way.

4. If the material, taken as a whole, is of literary, political, artistic or scientific value.

If, after considering all of the evidence, whether introduced by the State or by the defendant, you find that the sale of State's Exhibit No. 1 is not prohibited by reason of falling within one of the above categories, or if you have a reasonable doubt in this regard, it is your duty to resolve this case in favor of the defendant and acquit him."

It is the opinion of the Court that Instruction No. 6 as submitted sufficiently sets out the Miller standards. The defendant is required to make no proof. It is up to the jury to determine if the standards are satisfied.

■ The defendant next contends that the trial court committed reversible error in failing to swear in the bailiff pursuant to the requirements of 22 O.S. § 857. However, the record in the instant case is completely void concerning the swearing of the bailiff and it appears that no objection was raised if, in fact, the bailiff was not sworn. Such an error is never presumed. It must affirmatively appear from the record. See Feil v. State, 81 Okl.Cr. 133, 161 P.2d 770. Therefore, defendant's proposition is without merit.

■ The defendant next urges that the prosecutor made comments designed solely to embarrass the jury or arouse their passions and prejudice in order to obtain a conviction. We agree. The record reflects that Assistant District Attorney Hopper made the following comment during closing arguments:

"But what they would have you twelve people believe, that if a person wants to express themselves like little Linda Lovelace has done in this book, well, they should have the right under the first amendment and I submit to you, based on that argument and based on that defense, if a firebug wants to burn this courthouse down with you twelve people in it, he has got a right to do it and there should be no crime of arson on the books."

Such a comment is outside the scope of the evidence presented at trial, is a misstatement of the law, and is highly prejudicial.

However, there is no reasonable doubt the defendant is guilty of the crime charged. The comment served only to enhance punishment. For that reason, it is the opinion of this Court that the judgment and sentence appealed from should be and the same is hereby modified to a term of one (1) year in the state penitentiary and a fine of $5,000.

BRETT, P. J., and BUSSEY, J., concur.

Rehearing Denied June 2, 1975.