Terri Lee STRATTON, a/k/a Terri Lee Willie, a/k/a Terri Lee Burrage, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-421.

Court of Criminal Appeals of Oklahoma.

April 8, 1982.

David Luther Woodward, Sp. Counsel, Appellate Public Defender Project, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Terri Lee Stratton appeals her conviction for Embezzlement by Bailee pursuant to 21 O.S.1971, § 1455, received in Creek County District Court, Case No. CRF–79–103. She was sentenced to three (3) years' imprisonment.

Claude L. Stephens, the owner of Creek Auto Sales, testified for the State that on April 2, 1979, between 12:00 p. m. and 1:30 p. m., the appellant and Donald Sealey crossed the street from a restaurant and began looking at automobiles on the witness' used car lot. Donald Sealey asked him if they could test drive a light blue 1978 T–Bird parked on the lot. The appellant said she had been looking for such a car for two months and Mr. Sealey told the witness that he owned a brown, Chevrolet pickup parked across the street. The couple then entered the automobile, the appellant sat in the front passenger seat. Mr. Sealey drove the car off with the car dealer's permission for a test drive. The couple never returned. Both Mr. Stephens and his business partner, Robert Chambers, identified the appellant in court as the woman who was with the driver of the car.

In her defense, the appellant offered an alibi that she was in Norman, Oklahoma on the date that the crime occurred in Sapulpa, Oklahoma. The only evidence offered to corroborate this alibi was several rental receipts from the O. U. Motel in Norman, Oklahoma, made out to the appellant's husband. She further testified that she had encountered the State's witness on several occasions prior to the date of the alleged episode.

■ The appellant alleges in her first proposition of error that the trial court erred in overruling her demurrer to the evidence at the end of the State's case-in-chief. She contends that no proof existed to show that she actually participated in the crime.

This Court has previously held that if the appellant complains of insufficient evidence and asserts error from the overruling of his demurrer, this Court will look at the entire record on appeal. *Maynard v. State*, 625 P.2d 111 (Okl.Cr.1981).

The evidence presented at trial indicated that no one had permission to keep the car, the appellant had indicated her desire for the car, the appellant represented ownership in a vehicle across the street from the used car lot so as to persuade the car dealer to allow a test drive of the vehicle, the appellant was a passenger in the car as it drove away, and the car was never returned.

Title 21 O.S.1971, § 172 states that all persons who aid and abet in the commission of a crime are principals. Further, this Court has stated that when one converts property to his own use without permission of the owner, the law infers fraudulent intent and punishes the act of embezzlement. *Hughes v. Oklahoma State Election Board*, 413 P.2d 543 (Okl.1966).

With this in mind, we find the evidence was sufficient for the jury to conclude that the appellant was guilty as charged. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty, this Court would not interfere with the verdict as it is the exclusive province of the jury to weigh the evidence and determine the facts. *Buzzard v. State*, 514 P.2d 946 (Okl.Cr.1973).

Secondly, it is argued that the appellant's right to a fair trial was materially prejudiced by the delivery of Instruction No. 7 [1] because it misstated the law regarding proof of facts by circumstantial evidence, illegally created a presumption of the existence of an inferred fact decisive of the only contested element of the crime charged, and illegally foreclosed the appellant's defense. We find no merit to any of these arguments.

■ The appellant claims the trial court failed to state that the proof presented by circumstantial evidence must exclude "every reasonable hypothesis except that of guilt" and the proof was "not sufficient if it raised only a suspicion or mere probability of guilt." The appellant has cited no authority, nor did a thorough search of the case law reveal any instances where this Court has made mandatory the use of these

exact words in a case based on circumstantial evidence. Further, this case is not based wholly on circumstantial evidence. The State has introduced direct eyewitness evidence to prove the appellant was involved in the crime and the appellant took the stand in her own defense, therefore the jury was not presented with a one-sided view of the alleged occurrences. The instructions given correctly informed the jury of the law regarding proof of facts by circumstantial evidence. *Nichols v. State*, 418 P.2d 77 (Okl.Cr.1966).

■ The appellant also contends that the instruction created a mandatory presumption citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *County Court of Ulster County v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), as authority for her argument. Instruction No. 7 in the present case is readily distinguishable from the instructions in those cases. The contested portion of Instruction No. 7, taken alone or in conjunction with the rest of the instructions, created only an opportunity for the jury to consider circumstantial evidence in their determination and in no way mandates a presumption of the ultimate fact. *Phillips v. State*, 53 O.B.J. 611 (March 6, 1982).

■ In addition, the appellant did not object to jury Instruction No. 7 at trial, nor did she submit alternative instructions for the trial court to consider, therefore her right to object to the instructions is waived. *Lane v. State*, 572 P.2d 991 (Okl.Cr.1978).

■ Lastly, the appellant urges this Court to adopt a rule that in a case where the evidence is purely circumstantial, when identity is placed in issue either by alibi or

---

1. Instruction No. 7 provided:

   The State relies for a conviction in this case (or in part) upon what is known as 'circumstantial evidence,' and in this connection you are instructed that to warrant a conviction upon circumstantial evidence each fact necessary to the conclusion sought to be established (that is, the guilt of the defendant) must be proven by legal and competent evidence beyond a reasonable doubt; and all the facts and circumstances proved should not only be consistent with the guilt of the accused but consistent with each other and inconsistent with any other reasonable hypothesis or conclusion than that of his guilt and sufficient to produce in your minds a reasonable moral certainty that the accused committed the offense charged against him. You are instructed that when the circumstances are sufficient, under the rule herein given you, they are competent and are to be regarded by the jury as competent evidence for your guidance as direct evidence.

other testimony, the failure to give a special cautionary instruction is fundamental and reversible error. She argues that Instruction No. 9 on alibi was not sufficient.

This argument is without merit for a number of reasons. The evidence in this case was not wholly circumstantial. Secondly, no objection was made at trial to the instructions. Failure to make an objection and offer an alternative instruction results in a waiver on appeal of the error. *Kelsey v. State*, 569 P.2d 1028 (Okl.Cr.1977). We are further of the opinion that jury Instruction No. 9 given by the trial court, when considered with the other instructions given at trial, was sufficient to enable the jury to properly assess the eyewitnesses' testimony. See also *Roberts v. State*, 620 P.2d 425 (Okl.Cr.1980). For the above reasons the judgment and sentence appealed from is AFFIRMED.