James Quincy GORDON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-81-361.

Court of Criminal Appeals of Oklahoma.

Aug. 10, 1982.

John L. Clifton, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from his conviction in Pottawatomie County District Court for the offense of Manslaughter in the Second Degree, Case No. CRF-80-105, James Quincy Gordon, the defendant below, raises two assignments of error.

Since the sufficiency of the evidence to support the verdict of the jury is not challenged, suffice it to say that on the evening of March 9, 1980, after engaging in an argument over a poker game, the defendant inflicted certain gunshot wounds on Leroy Rutledge from which the latter did languish and die.

The defendant argues that the trial court committed error when it refused to allow testimony as to inadequate medical care received by the victim. The defendant contends that this testimony should have been allowed as a defense to the charge of manslaughter in the first degree. Further, the defendant alleges that the trial court's refusal to give requested instructions[1] was error, and the giving of Instruction No. 15[2] misinformed the jury as to the applicable law in Oklahoma.

The law in Oklahoma states that:

One who has inflicted an injury which is dangerous, that is, calculated to destroy or endanger life, is not relieved of responsibility by the fact that the immediate or a contributing cause of the death was erroneous or unskillful medical treatment or care of the injury by deceased, or by a physician, or by nurses or other attendants. Thus, it is not a defense that the victim died during or as the immediate result of a surgical operation rendered necessary by the existence of the wound, or that there was a possible mode of treatment which might have averted death, or that deceased might have recovered if he had submitted to an operation, or had adopted a different diet. *Pettigrew v. State*, 554 P.2d 1186 (Okl.Cr.1976) at 1193, 40 C.J.S. Homicide, § 11C.

After a careful review of the record and the testimony of the expert medical witnesses, we hold that the gunshot wounds inflicted by the defendant, into the victim, were the proximate cause of death. Therefore, the trial court properly refused the requested instructions and correctly informed the jury as to the law in Oklahoma. The trial court properly limited the medical evidence to testimony concerning the cause of death and did not err by excluding evidence tending to show only medical malpractice.

The judgment and sentence is AFFIRMED.

CORNISH, J., specially concurs.

BRETT, P. J., concurs in results.

CORNISH, Judge, specially concurring:

This case presents the interesting question of whether negligent conduct of the treating physician can act as a sufficient intervening cause to relieve the appellant of criminal responsibility. First, it can be seen that the appellant's conduct was the cause in fact of the victim's death, i.e. but for the appellant's act of shooting the victim he would not have died. The more perplexing issue is whether the appellant's conduct is

---

1. REQUESTED INSTRUCTION NO. 1

You are instructed that the burden is on the State to prove beyond a reasonable doubt that death ensued as the proximate result of injury received, and if defendant can establish or show to the extent of creating a reasonable doubt that the victim died from causes which were not proximate result of injury received, the defendant is entitled to an acquittal, but the defendant cannot exonerate himself from criminal liability by showing that different or more skillful medical treatment might have saved the life of the deceased and rather, the defendant must show that erroneous or unskillful medical treatment became an efficient intervening cause and that such medical care became the proximate cause of death.

Given in part by the trial judge.

REQUESTED INSTRUCTION NO. 2

You are instructed that when and where a person inflicts on another a wound not in itself calculated to produce death, and the injured person dies solely as a result of the improper treatment of the wound by an attending physician or surgeon, the fact that the death was caused by medical mistreatment is a good defense to a charge of manslaughter, first degree.

2. INSTRUCTION NO. 15

You are instructed that the laws of the State of Oklahoma provide:

One who has inflicted an injury which is dangerous, that is, calculated to destroy or endanger life, is not relieved of responsibility by the fact that the immediate or a contibuting [sic] cause of the death was erroneous or unskilled medical treatment or care of the injury by deceased, or by a physician, or by nurses or other attendants. Thus it is not a defense that the victim died during or as the immediate result of a surgical operation rendered necessary by the existence of the wound, or that there was a possible mode of treatment which might have averted death, or that deceased might have recovered if he had submitted to an operation, or had adopted a different diet.

the legal or proximate cause of the victim's death. The appellant argues that the treating physician's gross negligence was the sole cause of the death, thereby, relieving criminal liability.

As the majority opinion states, where an accused inflicts a dangerous wound, it is no defense to a homicide charge that the victim's death was contributed to or directly resulted from negligent or improper medical treatment of the wound. *Harrison v. State*, 18 Okl.Cr. 403, 195 P. 511, 513 (1921). I believe, however, that this general rule must be qualified.[1] If the cause of the victim's death is solely attributable to grossly improper medical treatment and not at all attributable to the original wound inflicted by the accused, then the improper medical treatment can properly serve as an intervening factor eliminating criminal liability. For example, where an accused inflicts a wound, which in no way could foreseeably result in death, but instead the victim's death is solely caused by the gross maltreatment of the physician, the accused should not be held responsible for the resulting death.

In this case, there appears to be substantial evidence of medical malpractice. However, the record clearly establishes that the appellant did inflict life threatening wounds which directly gave rise to perforations in the victim's bladder and extensive damage to the small intestines. These ultimately resulted in the victim's death. Therefore, even if it were determined that the treating physician's failure to properly stitch the victim's wounds was malpractice and a contributing factor in the victim's death, it would not relieve the appellant of criminal liability for the homicide because the death resulting from leaking bowel fluid was directly caused from the original wound inflicted by the appellant. Therefore, I specially concur in the majority opinion.