**Darrell Eugene JONES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–82–498.**

Court of Criminal Appeals of Oklahoma.

Jan. 28, 1985.

14 

Thomas G. Smith, Jr., Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Susan B. Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

On appeal from his conviction of Knowingly Withholding Stolen Property After Former Conviction of a Felony, Case No. CRF–81–232, and sentence of twelve (12) years imprisonment from the District Court of Washington County, Oklahoma, the appellant, Darrell Eugene Jones, hereinafter referred to as defendant, raises four assignments of error. The facts of the case are as follows:

On July 22, 1981 Tracy Livingston and Ronnie Edmond stole several guns from a sporting goods store. Two of these guns, a .38 and a .22, were given or sold to defendant, and were known by him to have been stolen. The gun in question, a .45 caliber pistol, was given to Herman Edmond, brother of Ronnie Edmond.

Evidence was presented at trial showing defendant had sold the .45 for Herman Edmond to Tom McHarque. McHarque testified he had dealt directly with a person known to him as Darrell Jones, and had paid cash for the gun. Defendant's wife testified that Herman Edmond had asked defendant to help him find someone to buy the gun, whereupon the defendant, his wife, and Herman Edmond went to McHarque's house. Defendant, according to his wife, went by himself into McHarque's house, then McHarque accompanied defendant to the car where McHarque dealt directly with Herman Edmond, giving him three bags of marijuana for the gun. Defendant did not testify on his own behalf.

Defendant complains the evidence of his possession of the stolen .22 and .38 guns was inadmissible under 12 O.S.1981, § 2404(B), and was not introduced in compliance with the guidelines set out in *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979) for "other crimes" evidence.

However, the defendant has failed to properly present this issue for appeal. An objection, to be effective, must be raised at the time the alleged error occurs. *Lewis v. State*, 574 P.2d 1063 (Okl.Cr.1978). Defendant did not object at trial to the admission of such testimony relating to his possession of the stolen guns, and further pursued the subject on cross-examination and in his closing argument.

Defendant next complains it was error for the trial court to admit into evidence in the state's case in-chief a note allegedly written by the defendant and intercepted by a trustee of the jail as being irrelevant and immaterial to any issues.

The note is written to "Ronnie," and asks him to "tell the Court your Brother sell (sic) the gun to the white boy? Will you Plase (sic) do this. Ronnie if you don't i am going to Prison for 20 year (sic). Plase (sic) help me?" In addition, a second portion of the note to Ronnie said in part, "Mike say is OK do that (sic) ... P.S. *Mike* say do it Pleas (sic) [signed] me."

The state claims this note corroborates the state's evidence, and the relevance of the note is found in the inference that defendant is going to "help Mike" and "Mike say[s]" for Ronnie to help defendant; the inference to be drawn is that each prisoner helps the other in exchange.

It is obvious from the note that the contents relate to the creation or fabrication of a defense in some form or fashion. The appellant's assertion as to the inadmissibility of the note is in reality based upon the weight and credibility to be given to this type of evidence. He asserts that the evidence is not probative of any of the issues raised at trial. However, this proposition is without merit. The note shows appellant was attempting to arrange for another inmate to "help" him out of the situation in which he found himself. The note specifically refers to "the gun." It is, of course, within the province of the jury to weigh the evidence and determine the facts. *Mayberry v. State*, 626 P.2d 1361 (Okl.Cr.1981). They may draw any infer-

**16**

ence from the evidence or disregard it totally. Evidence of actions by a defendant, such as flight to avoid arrest, or procurring perjured testimony, is admissible as tending to establish guilt. *Wills v. State*, 636 P.2d 372, 376 (Okl.Cr.1981). The mere fact that the note contained foul language that *could* be interpreted in a light unfavorable to the appellant is no reason for keeping probative evidence from the jury. Evidence must only be excluded when its probative value is substantially outweighed by its danger of prejudice. 12 O.S.1981, § 2403. This evidence is clearly admissible, and thus the proposition is without merit.

Appellant also maintains that the state "surprised" the appellant with the note. The record reflects ample time given to the defense to prepare for this type of evidence. We find this argument without merit.

The defendant asserts that the evidence at trial regarding the pre-trial identification of defendant by Tom McHarque was improperly admitted, and was so prejudicial to defendant as to constitute reversible error. We agree.

At trial, Tom McHarque could not identify the defendant in open court as the man who sold him the .45, but instead identified defendant's brother, who was seated at the defense table with the defendant. The court perceived this as a "ringer" case, and in order to avert a mistrial, allowed the state to attempt to rehabilitate McHarques's in-court identification of defendant by the virtual recreation of the pre-trial identification procedure, including all the prejudicial details from McHarque and Officer Lowery.[1]

We find the court erred in perceiving this situation as a "ringer," and, therefore, the evidence was inadmissible to avoid a mistrial. The defense correctly points out this was not a substitution case, and there was not a "ringer" involved. *Mis-*

*kovsky v. State ex. rel. Jones*, 586 P.2d 1104 (Okl.Cr.1978). The defendant was seated at the defense table along with his brother. There is conflicting evidence as to how long or how many times the brother was seated there.

In addition, we find this evidence was improperly admitted under *Hill v. State*, 500 P.2d 1075 (Okl.Cr.1972), wherein Judge Simms' Specially Concurring Opinion indicated the identifier may testify about the pre-trial identification procedure *after*, and *only after*, an in-court identification has been made. In the present case, McHarque incorrectly identified defendant as defendant's brother. As there was not a correct in-court identification of defendant, McHarque was precluded from giving any testimony relating to a pre-trial identification under *Hill v. State*, supra. We decline to adopt the state's position that *Hill v. State* requires only that procedurally the witness first be given an opportunity to identify defendant in court.

This case is distinguishable from *People v. Gould*, 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 865 (1960). In that case, the California Supreme Court held that where the witness could not confidently identify the defendant at trial, evidence of a pre-trial identification procedure was admissible, although it did not amount to an identification. In the present case, the state cannot claim the evidence of extra-judicial identification was admissible to corroborate an identification made at trial since McHarque did not make such identification, nor can the state claim this was independent evidence of identity since the picture which both McHarque and Officer Lowery pointed to at trial was never clearly identified as being the same Darrell Jones as was sitting at the defense table.

We, therefore, hold that where a witness incorrectly identifies defendant, evidence of an extra-judicial identification is inadmissible.

---

**1.** "Ringer" in this sense means the situation where a defense attorney substitutes another person for the defendant at the defense table to test the witnesses' ability to accurately identify the defendant.

We note that even had this evidence been admissible, it was improper for Officer Lowery to testify, as Oklahoma subscribes to the rule against testimony of third parties present at the identification. *Hill v. State, supra; Towning v. State,* 521 P.2d 415 (Okl.Cr.1974).

Accordingly, for the foregoing reasons, the judgment and sentence is REVERSED AND REMANDED for a new trial.

BRETT, J., concurs.

BUSSEY, J., dissents.