Ethel Elizabeth EBY, a/k/a Eva Elaine Silvers, a/k/a Ethel E. Campbell, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–615.

Court of Criminal Appeals of Oklahoma.

July 5, 1985.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Ethel Elizabeth Eby was convicted of Manslaughter in the First Degree While Driving Under the Influence of Drugs in the District Court of Oklahoma County, Oklahoma, Case No. CRF–83–3805. Appellant was sentenced to fifteen (15) years imprisonment, and appeals. We affirm.

The facts of this case are as follows: On July 23, 1981, the appellant drove a blue Mustang in northwest Oklahoma City in such a manner as to hit a house, collide with the rear of a pick-up truck, and eventually become involved in an accident causing severe injuries to the passenger in appellant's car. The evidence at trial revealed that three witnesses, who had the opportunity to see appellant at various times throughout the time in question, detected the odor of alcohol, spray paint or some other substance around her. They also testified that appellant appeared to be intoxicated. The defense counsel elicited testimony that the carburetor on the Mustang might have been defective, causing the wave of accidents. However, there was no conclusive evidence to show whether the defect existed before the accidents or caused the accidents. Finally, the state offered evidence that severe brain damage caused the death of the victim. Appellant then produced evidence at trial that the

respirator and ventilator was voluntarily disconnected by the victim's mother and staff members of the hospital.

## I.

In her first assignment of error, appellant asserts the evidence presented at trial was insufficient to convict appellant of manslaughter because the state failed to prove the deceased was dead before the respirator was disconnected; therefore, the discontinuance of respirator support constituted an intervening cause and cut off appellant's liability for the death. We do not agree.

Although this issue appears to be one of first impression in this jurisdiction, case law does exist that is helpful in determining this issue. While agreeing with appellant that the offense in which the accused was engaged must be the proximate or direct cause of death, we find the injuries L.D. sustained were the proximate cause of his death. The actions of his family members and hospital staff were not superceeding cause. It is well established that medical negligence alone will not constitute an intervening cause and cut off the liability of an accused. *Gordon v. State,* 649 P.2d 807 (Okl.Cr.1982); *Pettigrew v. State,* 554 P.2d 1186 (Okl.Cr.1976).

The appellant argues the acts of the doctors in disconnecting the respirator actually caused the death of the deceased, and is therefore a superceeding cause. It has been held in Oklahoma that one who inflicts injury upon another is guilty of homicide if the injury contributes immediately to the death of that person. The fact that other causes contribute to the death does not relieve the inflictor of wrongful trauma of his responsibility so long as other causes are not the proximate cause of death. *Gordon v. State, supra; Pettigree v. State, supra; Green v. State,* 319 P.2d 321 (Okl.Cr.1957), *reversed on other grounds;* and *Baker v. State,* 65 Okl.Cr. 136, 83 P.2d 586 (1938).

After careful review of the facts of this case, it is clear that, but for the injuries inflicted upon the victim caused by appellant, the death would not have occurred. We will not allow those who commit offenses such as this to escape punishment by the application of strained theory and hypothetical situations. The fact is the deceased received massive brain damage ultimately leading to his death as a direct result of appellant's acts. The actions of the hospital were independent, intervening acts, not superceeding factors. Therefore, the ultimate liability in this case can be traced to appellant. The evidence adduced at trial was clearly sufficient to find appellant guilty beyond a reasonable doubt, and we find this allegation has no merit.

Although there appears to be no case law in Oklahoma on the precise issue of disconnecting life support systems, the *Gordon* and *Pettigrew* cases are instructive. This Court also finds persuasive *State v. Inger,* 292 N.W.2d 119, (Iowa 1980), wherein that court found premature removal of a life support system does not exclude a defendant from criminal liability if the defendant, by wrongful force, caused such severe trauma that it placed the victim in the position where doctors were required to exercise judgment as to whether the victim was dead. Appellant's argument must fail if one is to logically apply persuasive cases and common sense. She asserts the victim must still have been alive after the respirator was shut off because he did not "die" for a period of time. This argument leads to the inescapable conclusion that the only thing keeping the victim breathing was the respirator and that the injuries were so severe as to cause the death that ultimately occurred.

Appellant bases part of her argument on the fact the state failed to produce evidence that the victim was "brain dead" prior to the removal of his life support system. While this would have only bolstered the State's case, it is not necessary when, as in this case, there was severe trauma to the victim, and expert testimony stated that this trauma was the cause of death.

## II.

In her second assignment of error, appellant asserts the trial court committed error by not instructing on the lesser included offense of negligent homicide.

At the outset, it must be noted that not only did defense counsel fail to object to the instructions given, he failed to offer an instruction as to the lesser included offense. Therefore, this issue is waived on appeal. *Lane v. State*, 572 P.2d 991 (Okl.Cr.1977); and *Stratton v. State*, 643 P.2d 645 (Okl.Cr.1982). Aside from that failure, there existed no reason for the trial court to instruct upon the lesser included offense. This Court has held where there exists proof beyond a reasonable doubt of intoxication, the condition of intoxication takes the offense of homicide resulting from an automobile accident out of the definition of negligent homicide and warrants a conviction of manslaughter. *White v. State*, 483 P.2d 751 (Okl.Cr.1971). A review of the evidence presented clearly shows the witnesses saw evidence of intoxication, and therefore, no instruction on negligent homicide was warranted.

## III. and IV.

Appellant's third and fourth assignments of error go to the failure of the trial court to give instructions requested by appellant dealing with the malfunctioning carburetor (Proposition III), and the voluntary removal of the respirator (Proposition IV).

The requested instructions were properly denied. The trial court is not required to include in its instructions what is not the law of the case, nor to give instructions in language offered by the litigants or to outline all factual situations which would fail to show one's connection with the crime. *Accord Jones v. State*, 251 F.2d 288 (10th Cir.1958). The jury was properly instructed to find the defendant guilty of manslaughter *only* if the state proved all the elements beyond a reasonable doubt. (Instruction No. 5). The evidence presented by the defense was obviously weighed by the jury; the absence of defendant's requested instruction could not have possibly prejudiced the jury, for they could have found her not guilty.

The appellant also asserts the court erred in not giving an instruction as to the definition of "dead body". However, counsel requested an instruction only on "vegetative and sapient brain," but failed to request the definition found in 63 O.S.1981, § 1–301. The jury was properly instructed as to reasonable doubt and proving all the elements of manslaughter.

In reviewing the instructions given to the jury, we find they adequately reflect and properly instruct the jury as to the applicable law. *Nealy v. State*, 636 P.2d 378 (Okl.Cr.1981). Finding no evidence of prejudice to warrant reversal or modification, we find these propositions without merit.

## V.

Appellant next alleges she was prejudiced by the presence of members of Mothers Against Drunk Driving (M.A.D.D.) in the courtroom during the trial, and also by the failure of the trial court to properly admonish the jury to disregard a television movie about drunk driving which aired during a recess of the trial.

We find this argument to be wholly without merit. The record is silent as to the presence of the M.A.D.D. members in the courtroom or to the movie. No objection was made, and the defendant never requested an instruction on that issue. Error will not be presumed from a silent record. *Hanson v. State*, 536 P.2d 369 (Okl.Cr.1975). The appellant waived any alleged error by silence at trial. *Lloyd v. State*, 654 P.2d 645 (Okl.Cr.1982). Furthermore, the trial court meticulously admonished the jury to ignore outside influence, and not to let sympathy or prejudice influence their verdict. While it would be improper for the trial court to allow a "mob" to influence the jury, there is no evidence of that in this case.

The appellant further argues her sentence was excessive and should be modified. This Court modifies sentences when

they "shock the conscience of this Court." Finding that the fifteen (15) year sentence is not excessive, we find this allegation to be meritless.

Accordingly, for the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.