James Butler SCALES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-84-318.

Court of Criminal Appeals of Oklahoma.

May 22, 1987.

As Corrected May 27, 1987.

Patti Palmer, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

James Butler Scales was tried by a jury and convicted for the offense of Robbery With Firearms, After Former Conviction of a Felony, in the District Court of Choctaw County, Case No. CRF–82–46. He was sentenced to forty (40) years imprisonment. We affirm.

On June 29, 1982, the Lentz Jewelry Store in Hugo, Oklahoma was robbed at gunpoint by a man later identified as Paul McCullough. After McCullough ran from the store, he was seen by Mary Feco, who was stopped in her van at a stop light. Seconds later she saw Mr. Lentz, the jewelry store owner, hurry from the store. Suspicious, she followed Mr. McCullough and saw him enter the passenger side of a small red car. Mrs. Feco then pulled her van behind the small red car, blocking its exit. McCullough exited the car and ran

away. Peggy Downs, a friend of Mrs. Feco, saw Mrs. Feco pull behind the car and walked over to investigate. While she was there, a man both women later identified as appellant, emerged from the driver's side of the small red car and asked the women what was the matter. When Mrs. Downs saw Mr. Lentz and motioned to him to come to the van, the appellant walked across the street and disappeared.

## I.

Appellant's first assignment of error concerns the trial court's decision to send the jury out for further deliberations after one juror, when polled, stated he did not agree with the jury's verdict. The record reflects that the jury initially returned a not guilty verdict. Before that verdict was accepted, the State requested that the jury be polled, and juror O'Neill indicated he did not concur with the jury's announced verdict. The foreman indicated the jury was having trouble reaching a unanimous verdict. The trial court then read to the jury a so-called *Allen* instruction,[1] requesting the jury to deliberate further.

■ In rejecting the appellant's claim, we find that this issue is not properly preserved for review. In his appellate brief, the appellant asserts both that the trial court erred in requiring the jury to deliberate further, and in submitting the *Allen* instruction. However, the record herein shows no objection to the procedure or instruction, only the trial court's comment that "[t]he record should reflect the objections of the defendant Instruction Number 17." Objections to rulings of the Court always should be specific and timely. Herein, we are unable to determine from the record the grounds upon which the objection was taken. Counsel has utterly failed to preserve this error for appellate review.

Moreover, we note that in requiring the jury to deliberate further, the trial judge was following the procedure required by 22 O.S.1981, § 921.[2] We also note that Instruction No. 17 is virtually identical to the instruction we approved in *Pickens v. State*, 600 P.2d 356, 357 (Okl.Cr.1979), and which we termed a "model of fairness." *Id.* at 359.

## II.

Appellant contends in his second assignment of error that the trial court improperly allowed testimony concerning extrajudicial identifications of the appellant by witnesses Downs and Feco. Both Downs and Feco, prior to making their respective in-court identity, testified that they had previously identified appellant in a separate photographic line-up some days after the crime. Officer Leon Milton of the Hugo Police Department conducted the photographic line-up. He also testified concerning the out-of-court certifications made by these witnesses.

■ In *Hill v. State*, 500 P.2d 1075 (Okl.Cr.1972), this Court first held that a witness, after making an in-court identification of the defendant, may testify that "at a particular day, place, and time or times, [he or she] had occasion to see, recognize and identify the defendant as the person who committed the crime." *Id.* at 1078. The basis for this rule was that "testimony of a victim concerning a pre-trial identification is not only material, but most competent for corroboration." *Id.* When such testimony is admitted for purposes of corroboration, we have recognized that "the identifier may testify about the pre-trial identification procedure **after and only after**, an in-court identification has been made." *Jones v. State*, 695 P.2d 13, 16 (Okl.Cr.1985). *Cf. Hickerson v. State*, 565

---

1. *See Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), in which the U.S. Supreme Court first approved the practice of requiring a deadlocked jury to further deliberate its verdict, and that such a charge is not inherently coercive. *But see Sullivan v. United States*, 414 F.2d 714 (1969).

2. This statute reads:

When a verdict is rendered, and before it is recorded, the jury may be polled on the requirement of either party, in which case they must be severally asked whether it is their verdict, and if any one answer in the negative, the **jury must be sent out for further deliberation**. (Emphasis added.)

P.2d 684 (Okl.Cr.1977) (dictum). Since *Hill v. State* was decided, we have noted a second basis under which testimony regarding an extrajudicial identification may be admitted. Such pre-trial identification evidence may also be admitted "not only to corroborate an identification made at trial, but as independent evidence of identity." *Young v. State*, 531 P.2d 1403, 1406 (Okl. Cr.1975). We elaborated on this rule in *Elvaker v. State*, 707 P.2d 1205, 1206–07 (Okl.Cr.1985),[3] holding that a pre-trial identification of the accused may be admitted as independent proof of guilt, if it is first demonstrated that the identifier can no longer make an in-court identification. *Accord Commonwealth v. Daye*, 16 Mass. 645, 454 N.E.2d 502, 505–506 (1983). The evidentiary requirements for admission on this basis are described in the *Elvaker* opinion at 1206.

■ In this case, evidence of the extrajudicial identification could not be admitted as independent evidence; both Downs and Feco were able to make specific in-court identifications. Furthermore, the predicate for admission as corroborative evidence was not met, inasmuch as neither woman had made an in-court identification at the time evidence of the extrajudicial identification was received. Accordingly, we agree with appellant that this testimony was improperly admitted. However, we do not believe this error requires reversal. In this case, both women were able to make proper and positive in-court identifications of the appellant. It does not appear that this procedural error was sufficiently prejudicial to require reversal. *Cf. Godwin v. State*, 625 P.2d 1262, 1265 (Okl.Cr.1981).

■ Appellant also asserts that testimony regarding these extrajudicial identifications also was offered by officer Milton, and that admission of this third-party testimony constituted error under *Hill v. State*, *supra*. We need not reach the merits of this claim, however, as the alleged error

was not properly preserved by a timely, specific objection. *See* 12 O.S.1981, § 2104(A)(1). This assignment of error is without merit.

### III.

Appellant also alleges in three assignments of error various improprieties which allegedly occurred in the second stage of trial, and which he claims warrant modification of his sentence. We disagree.

### A.

■ First, appellant claims that the trial court improperly denied his motion to continue the second stage of trial until the following morning. The facts relating to this issue reveal that the jury returned with a guilty verdict at 2:56 a.m., and defense counsel requested that the case be continued until the following morning. In overruling the appellant's request, the trial judge stated, "Mr. Cox, I would state at this time that the only way the court could do that is if the defendant waived any requirement for sequestration of the jury." When trial counsel refused to waive his request to sequester the jury, the trial judge denied the requested continuance, and second stage proceedings commenced. A verdict was reached at 3:50 a.m.

Appellant concedes that "the decision on whether to grant a continuance is one within the trial court's discretion." *Brief of Appellant*, 11. *See also White v. State*, 607 P.2d 713 (Okl.Cr.1980). He contends, however, that "it was decidedly improper for the trial judge to ask the defense to waive any request for sequestration of the jury in order to get the continuance. This amounted to an abuse of the trial judge's discretion." *Brief of Appellant, id.* We disagree. The decision whether to grant or deny a continuance involves many considerations. No doubt in the instant case, the trial judge was concerned whether, at nearly 2:30 a.m., he could secure accommoda-

---

**3.** In his special concurrence to the *Elvaker* opinion, Judge Brett opined that the rule in *Elvaker* was novel, and was inconsistent with the author's opinion in *Jones v. State*, 707 P.2d at 1207–08. However, the author indicated in

*Jones* that the evidence might have been admissible as independent evidence, but that the State failed to lay the proper predicate for admission. *See* 695 P.2d at 16.

tions sufficient to sequester the jury. Because the trial counsel continued to insist upon sequestration, the trial judge denied the request. In the context of this factual situation, we can find no abuse of discretion in the trial court's decision.

### B.

■ Appellant also makes several complaints regarding the instructions submitted in the second stage of trial. Appellant's complaint is belated; it should have been made during settling of instructions at trial. Accordingly, because these errors were not properly preserved with timely objections at trial, we decline to give them consideration on appeal. *Cf. Eby v. State,* 702 P.2d 1047 (Okl.Cr.1985).

### C.

■ Finally, appellant asserts that the sentence herein is excessive. We again disagree. Unless the sentence is so excessive as to shock the conscience of the Court, we will decline to enter an order of modification. *See Clark v. State,* 678 P.2d 1191 (Okl.Cr.1984). The sentence imposed herein does not require modification under this standard. *See Lee v. State,* 560 P.2d 226 (Okl.Cr.1977).

The judgment and sentence of the District Court is AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.