v.

**The STATE of Oklahoma, Appellee.**

**No. J-87-765.**

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1988.

Paula J. Alfred, Asst. Public Defender, Juvenile Bureau, Tulsa, for appellant.

Stephen L. Rouse, Asst. Dist. Atty., Juvenile Div., Tulsa, for appellee.

## OPINION

PARKS, Judge:

The appellant, J.A.M., a juvenile of the age of thirteen, was adjudicated delinquent based on a charge of Robbery by Force or Fear in a non-jury trial in Tulsa County District Court, Juvenile Division, Case No. JVJ–87–185, before the Honorable B.R. Beasley, Associate District Judge. We reverse and remand with instructions to dismiss.

On August 1, 1987, William Brashears was asleep on a bench at 6th and Cincinnati in Tulsa, Oklahoma. Mr. Brashears testified that he was awakened around 5:00 a.m. by four "black guys . . . slapping me in the face hollering 'Give me your money, give me your money.'" He gave them approximately ten dollars ($10.00). Brashears said that he was kicked in the nose during the episode, and that the four black males ran when they saw a police car headed east. Brashears reported the robbery to police officers patrolling the area. Approximately ten (10) to fifteen (15) minutes after the robbery, Brashears got into the police car, was taken to the scene where four black juveniles had been detained, and identified them as the ones who had robbed him. On cross-examination, Brashears stated that he had shared a fifth of whiskey with two friends prior to 8:00 p.m. on the evening prior to the robbery. He said that the robbery lasted about three to five minutes, that it was dark at the time, that the four persons who robbed him were black, that "they was all slapping me around," that he wore glasses only for reading, and that he was not wearing them at the time of the robbery. When asked whether the robbers had long or short hair, Brashears replied that "I didn't pay all that much attention to them." On redirect, Brashears said that he identified the juveniles based on the way they were dressed. He said that the one who kicked him wore

a white hat, and that two of the juveniles wore caps.

Tulsa Police Officer Bruce Burton testified that he was driving east, with his partner, Officer Emmery, on 6th Street between Main and Boston near Cincinnati around 5:00 a.m. on August 1, 1987, when he saw four young black males running from 6th and Cincinnati to the alley between Cincinnati and Boulder. The officers spotlighted the four, who slowed down to a walk. Officer Burton received a radio announcement from Officer Oderstrom that a citizen had reported a fight at 6th and Cincinnati. Then Brashears flagged down the officers, and reported a robbery at 6th and Cincinnati. After further conversing with Mr. Brashears, Officer Burton decided that the four black males he saw a few minutes earlier running north must have been the perpetrators. Officer Burton and Officer Emmery arrived at East 5th Street between Main and Boston and apprehended two of the black males, while Officer Oderstrom and Officer Vondemer detained the other two. According to Officer Burton, Mr. Brashears identified the four black males that were detained as the ones who robbed him. At trial, Officer Burton identified appellant as one of the four suspects running through the alley, detained by the officers, and identified by Brashears as one of the robbers.

Officer Oderstrom testified that he detained the four suspects while Officer Burton got more information from Mr. Brashears. Concerning the extrajudicial identification by Brashears, Oderstrom testified that Brashears "positively identified the subjects as the ones who robbed him." Officer Oderstrom identified appellant as being one of the four suspects detained by Oderstrom and identified by Brashears. Oderstrom said that one of the four suspects had a little over four dollars on his person. Officer Emmery described Mr. Brashears as being very upset and a little groggy, but that he did not appear to be intoxicated.

▪ In his first assignment of error, appellant claims that the trial court erred in allowing the victim, Mr. Brashears, to testify to his extrajudicial identification of the appellant, where Mr. Brashears did not make an in-court identification of appellant. We agree.

Initially, we note that trial counsel properly preserved this error for appellate review by making a timely specific objection at trial as required by 12 O.S.1981, § 2104(A)(1). In *Scales v. State,* 737 P.2d 950, 952–53 (Okla.Crim.App.1987), we summarized the law governing the admissibility of testimony concerning extrajudicial identifications. *Scales* recognized that a witness may testify concerning an extrajudicial identification on one of two grounds, provided that the proper foundation has been laid. First, such testimony may be admissible to corroborate an in-court identification. *Id.* at 952. However, when such testimony is admitted for purposes of corroboration, " 'the identifier may testify about the pre-trial identification procedure *after,* and *only after,* an in-court identification has been made.' " *Id.* (quoting *Jones v. State,* 695 P.2d 13, 16 (Okla.Crim.App. 1985)). In the case at bar, the victim, Mr. Brashears, never made an in-court identification of the appellant and, therefore, his testimony concerning the extrajudicial identification was inadmissible. *Scales, supra,* at 953. Second, such testimony may be admissible as independent proof of identity "if it is first demonstrated that the identifier can no longer make an in-court identification." *Id.* Here, the State did not show that Mr. Brashears could not identify the appellant at trial. Thus, the State did not establish the necessary predicate for admitting the extrajudicial identification as independent proof of identity. The State concedes that "there is no record affirming that the witness [Brashears] could not identify the [appellant]...." *Brief of Appellee,* at 2.

▪ Accordingly, based on the foregoing, we hold that the trial court erred in admitting Brashears' testimony regarding his extrajudicial identification of the defendant. Unlike *Scales,* however, where we held that such error was not reversible because both witnesses to the crime were able to make proper and positive in-court

identifications, in the case at bar, Mr. Brashears was the only witness to the crime and he did not even attempt to identify the appellant at trial. Therefore, the error was prejudicial and mandates reversal.

In his second assignment of error, appellant claims that the trial court erred in admitting third party testimony concerning Mr. Brashears' extrajudicial identification of the appellant. Over a timely specific objection, Officer Burton was allowed to testify that Mr. Brashears identified appellant as one of the four black males who robbed him. Officer Oderstrom was also allowed to testify to the extrajudicial identification of appellant over objection.

 As we made clear in *Coulter v. State*, 734 P.2d 295, 298 (Okla.Crim.App. 1987), third party pre-trial identification testimony is admissible only for rebuttal or evidentiary hearing purposes. *See Hill v. State*, 500 P.2d 1075, 1078 (Okla.Crim.App. 1972). Because the third party pre-trial identification testimony was not admitted for either one of the foregoing permissible purposes, error occurred. This error further supports reversal.

Finally, appellant urges that his adjudication of delinquency must be reversed and remanded with instructions to dismiss based on the insufficiency of the evidence to establish the crime of robbery by force or fear. In light of our resolution of the first two assignments of error, and in the absence of any proper identification of the appellant, we find that the State has failed to sustain the allegations of its petition beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368 (1970); *Woods v. State*, 713 P.2d 1046, 1047–48 (Okla.Crim. App.1986); *Spuehler v. State*, 709 P.2d 202, 203–04 (Okla.Crim.App.1985). Therefore, this cause must be reversed and remanded with instructions to dismiss. *See D.R.R. v. State*, 734 P.2d 310, 311 (Okla. Crim.App.1987); *Woods, supra.*

Accordingly, for all of the foregoing reasons, the judgment and sentence of the trial court is REVERSED and REMANDED with instructions to DISMISS.

BRETT, P.J., concurs.

BUSSEY, J., concurs in result.