### C. L. HILL v. STATE.

No. A-3510.   Oinion Filed April 30, 1921.
Rehearing Denied Sept. 12, 1921.
(200 Pac. 253.)

(Syllabus.)

1.   **Indictment and Information — Essentials of Offense — Sufficiency of Information—Robbery.**   To constitute robbery the taking must be either directly from the person or immediate presence and against the will of the party robbed, and must be by force or a previous putting in fear. It is the previous violence or intimidation that distinguishes robbery from larceny.   The information in this case charged the taking of money from the person of another by means of force and fear, brought about by pointing a revolver and threatening to shoot if resisted, followed by the allegation, "Said defendants did then and there wrongfully, willfully, unlawfully, forcibly, violently, and feloniously take, steal, and carry away." Held to sufficiently charge the crime of robbery, and the words "steal and carry away" being more surplusage, the information was not bad for duplicity.

2.   **Appeal and Error—Continuance—Discretion of Trial Court.**   The granting or refusal of a continuance is in the discretion of the trial court, and its decision will not be disturbed on appeal. unless it appears there has been an abuse of such discretion.

3.   **Continuance—Refusal for Absence of Witness Where Appearance Unlikely.**   There is no abuse of discretion in overruling an application for a continuance on the ground of the absence of a material witness, where the affidavit presented in support of the application does not show any probability of securing the attendance of said witness at any future time to which the case might be continued.

4.   **Appeal and Error—Discretion of Trial Court—Granting New Trial for Newly Discovered Evidence.**   The granting of a new trial on the ground of newly discovered evidence is largely discretionary with the trial court and the excercise of this discretion will not be disturbed on appeal, unless it appears that there has been an abuse of such discretion.

Appeal from District Court, Payne County; John P. Hickam, Judge.

C. L. Hill was convicted of robbery, and he appeals. Affirmed.

Pruiett, Sniggs, Patterson & Morris, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error and one Joe Hartley were jointly informed against for the crime of robbery. The information in substance charges that. in the county of Payne, state of Oklahoma, on the 29th day of November, 1918, one C. L. Hill and Joe Hartley did then and there willfully, unlawfully, wrongfully and feloniously make an assault upon the person of one Jeff Long, and against the will and without the consent, and by means of force and fear of immediate and unlawful injury to the person of the said Jeff Long, said fear being brought about by said defendants then and there pointing a revolver, held in the hands of the said defendants, at the person of said Jeff Long, and then and there threatening to shoot him if he, the said Jeff Long, resisted, and while he, the said Jeff Long, was under the influence of such fear so produced as aforesaid, said defendants did then and there wrongfully, willfully, unlawfully, forcibly, violently, and feloniously take, steal, and carry away from the person of him, the said Jeff Long, the sum of $17.90, good and lawful money of the United States, with the willful, unlawful, and felonious intent then and there to convert said money to their own use and benefit and to permanently deprive the owner, Jeff Long, thereof.

A severance was granted and upon his separate trial the defendant, Hill, was convicted. The jury failed to agree on the punishment. The court sentenced the defendant to imprisonment in the penitentiary for the term of five years. From the judgment he appeals.

It is contended: First, that the court erred in overruling the demurrer to the information. Counsel for the defendant in their brief say:

"That the words or phrase, as used by the pleader in drawing the information, viz., 'take, steal and carry away from the person,' make the information duplicitous, in that it charges larceny and robbery."

Our Penal Code defines robbery as follows:

"Robbery is a wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear." Section 2364, Rev. Laws 1910.

"To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery." Section 2365, Rev. Laws.

Generally speaking, within this definition, robbery is a larceny with aggravated features added, and the larcenous taking of money or goods, of any value from the person of another, or in his presence against his will, by force, or by putting in fear, is robbery.

It follows that the information is not bad for duplicity and is definite and certain as to the offense charged. Therefore the demurrer thereto was properly overruled.

It is next contended that the court erred in overruling the application for continuance. The record shows that after the case was called for trial and the jurors were sworn on their voir dire counsel for the defendant moved for a continuance. The defendant's affidavit for continuance sets forth:

That he filed a praecipe for a subpoena to Otto Parkinson, which was issued, but not served; "that, if present, said absent witness would testify that on the evening of the 29th

day of November, 1918, he met Jeff Long on the streets of Yale, and about 8 o'clock in the evening they started to go to a place about a mile south of town, and, passing the Missouri, Kansas & Texas depot on their way, they were there held up by two men, one of which held a gun on them, and the other took what money they had; that said absent witness is acquainted with this defendant, C. L. Hill, and he knows that neither of said men was this defendant."

A hearing was had on the motion. The state offered testimony tending to show that the absent witness, Parkinson, had been arrested as a participant in the crime; that at that time the defendant Hill said to the officers that he did not know Parkinson; that the defendant Hill and said Parkinson had been seen together a short time preceding the robbery; that the sheriff had used all reasonable diligence to serve a subpoena on said absent witness; that the case had been set for trial at that time on the request of the defendant. The defendant's affidavit was silent as to whether or not the attendance of the absent witness at a future term of court could be secured or that his deposition could be obtained.

The rule is well settled that the refusal to grant a continuance in a criminal case is largely a matter within the discretion of the trial court, and nothing but a plain abuse of this discretion would warrant this court in interfering with the judgment. Upon the record before us we think the application for continuance was properly denied.

It is further contended that the court erred in permitting the state to introduce in evidence a pistol purporting to be the pistol used in the robbery.

The testimony shows that the prosecuting witness detailed with particularity the robbery as charged in the information and positively identified the defendant as one of the men who robbed him and identified the pistol introduced in evidence, a hammerless 38-caliber revolver, as the gun used in the rob-

bery.    Another witness testified that he traded this revolver to the defendant Hill, the day before the robbery.    On this proof the pistol was properly admitted in evidence.

Another objection is urged to the ruling of the court in regard to the testimony of the witness J. B. Calderhead, who testified:

"I am the stillman at the Southern Oil Company Refinery, located about a quarter of a mile from the Katy depot at Yale.    On the night of the robbery, about 9:30 p. m., the defendant Joe Hartley handed me the revolver    introduced in evidence.    At that time the defendant Hill was at the gate next to the Sante Fe tracks east of the refinery office.    I should judge he was about 150 feet from us.    There was an electric light within 15 feet of him, and to the best of my knowledge it was the defendant Hill; I knew his face pretty well."

The evidence of the state shows that both the defendants had participated in the robbery, and it was competent for the state to show that shortly after the defendants were in the vicinity, and that at the time his codefendant, Hartley, delivered the revolver to the witness Calderhead while the defendant Hill was near by, apparently waiting for Hartley. In that connection the evidence was proper for the jury to consider, and was therefore properly admitted.

It is also contended that the evidence is not sufficient to sustain the verdict.    The defense was an alibi, to prove which the defendant called two witnesses.

Bert Martin testified:

"I work at the Yale Cafe.    I am acquainted with the defendant Hill.    I saw him on the street and at the Belmont Rooms in Yale about 8 o'clock in the evening of November 29."

On cross-examination this witness admitted that he had been convicted of the crime of grand larceny.

Mrs. Culberson testified:

"I conduct the Belmont Rooms. The defendant Hill roomed at my place in November. I saw him there about 8 o'clock to the best of my recollection on the evening of the 29th of November; he was talking at my telephone about that time."

Testifying on his own behalf, the defendant stated:

"I did not rob Jeff Long; I was not down where he was robbed that evening; I knew nothing of the robbery until I was arrested; I was not over at the Southern Refinery with Joe Hartley that night."

It is well settled that a finding of the jury on conflicting evidence on an issue of fact in a criminal case is conclusive in an appellate court, and in our opinion the defendant in this case has been found guilty upon evidence which amply warranted his conviction.

The final contention is that the court erred in overruling the supplemental motion for a new trial on the ground of newly discovered evidence.

After judgment was rendered against this defendant, Joe Hartley, his codefendant, made an affidavit that he (Hartley) had withdrawn his plea of not guilty and had entered a plea of guilty to the crime charged in the information; that on the day of the robbery Otto Parkinson informed him that Jeff Long had about $200 in cash on his person, and asked him if he would assist him in robbing said Long, and it was agreed that Parkinson was to procure said Long to go to a resort about a mile south of Yale, and that the partner of Otto Parkinson, whose name affiant does not know, should assist affiant in robbing said Long; that he met Crawford Hill that evening and asked him if he had a revolver, and he said he had one in his room, No. 20 the Belmont rooming house in Yale; that affiant went to said room and procured the revolver,

and with Otto Parkinson's partner walked down the Missouri, Kansas & Texas Railroad track and waited for some time; that, Parkinson and Long not appearing, he and Parkinson's partner started back to Yale and met Parkinson and Long near the Missouri, Kansas & Texas depot; that he pulled his pistol and told Long to throw up his hands, and Parkinson's partner went through Jeff Long's pockets and took what money he had; then he ordered Parkinson and Long to walk on; that he then went over to the Southern Refinery and there left the revolver; that Parkinson's partner was with him; that, leaving the refinery, affiant went back to Crawford Hill's room to tell him that he would return his revolver the next day, and found Hill in his room; that the defendant Hill was not present at the commission of said crime.

The defendant Hill's affidavit is to the effect that he did not know what his codefendant, Hartley, would testify to until after his trial and until after the defendant Hartley had entered his plea of guilty and judgment and sentence had been pronounced upon him.

It is well settled that a motion for new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and the exercise of its discretion will not be disturbed, except in a case of manifest abuse; the presumption being that the discretion was properly exercised. Under all the circumstances, and in view of the evidence in this case, we think the trial court properly denied the supplemental motion for new trial.

Upon the whole case we are of the opinion that the defendant has had a fair trial, and, finding no reversible error in the record, the judgment of the trial court is affirmed.

MATSON and BESSEY, JJ., concur.