Richard Harvey HAIR, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–761.

Court of Criminal Appeals of Oklahoma.

July 3, 1979.

---

Robert A. Ravitz, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Bruce R. Rooker, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Richard Harvey Hair, hereinafter referred to as defendant, was charged by information in the District Court, Oklahoma County, with the crime of Burglary in the First Degree, in violation of 21 O.S. 1971, § 1431, Case No. CRF–77–341. He was tried by a jury which found him guilty and assessed his punishment at fifteen (15) years in the custody of the State Department of Corrections. From said judgment and sentence the defendant has perfected this appeal.

Damaris J. Russell testified that she retired for the evening to her bedroom with her three children at approximately 11:00 p. m. on January 25, 1977. She awoke early the next morning after feeling something cold and wet touch her. She turned on the bedroom light and observed a man crouching on the floor at the foot of the bed. The man immediately left the premises through the front door of the mobile home. Ms. Russell then called the Midwest City Police. Officer Legg arrived at the mobile home at approximately 4:00 a. m. on January 26, and observed that louvered windows on the front door had been pried up and the aluminum frame bent, allowing access to the inside. Ms. Russell described the man to Officer Legg as a white male in his 20's, approximately 6 feet tall and weighing 175 to 180 pounds, with long blond hair and wearing blue jeans and a red and black plaid shirt.

Ms. Russell told the officer she had seen the man on two or three prior occasions and had seen him driving a vehicle owned by the mobile home park's maintenance man.

Officer Kerry Soloman received the description and went to the nearby mobile home of Charles Brewer, the maintenance man. A man matching the description answered the door and invited the officer in. The officer observed a red and black plaid flannel shirt lying on a chair in the living room, which the defendant acknowledged was his. The officer seized the shirt as

evidence, advised the defendant of his *Miranda* rights and requested defendant to accompany him for "elimination of identification." The officer took the defendant back to Ms. Russell's home where she identified him as being the same person she saw in her home earlier that morning. Three latent fingerprints were obtained by the police from the front door and an adjacent window. The prints were identified as being the defendant's, and in the opinion of an investigator for the Midwest City Police Department, were made between sunset and sunrise of the night in question.

Sandra Allen lived with Charles Brewer and testified for the defense. She and Brewer went to bed at approximately 1:00 a. m. on January 26, and the defendant who was also staying with them, went to bed approximately five minutes later. The next thing she recalled hearing was the officer's knock at the door and seeing the defendant come out of his bedroom to answer the door. She testified that she did not know if the defendant had left during that period. The defense next called Charles Brewer who testified to substantially the same matters.

Next, the defendant testified that he went to bed at approximately 1:00 to 1:15 a. m. and the next thing he recalled was hearing the officer knocking at the front door. He testified he had gone to Ms. Russell's home the day before to repair a broken window, although he did not have a work order.

■ It is contended in the defendant's first assignment of error that the trial court committed fundamental error by failing to suppress the in court identification of the defendant by Ms. Russell, on the theory that the pretrial identification obtained by the police from this witness was suggestive. It is unnecessary for us to reach this issue as the error, if any, was waived because the defendant at no time moved to suppress the identification, nor did he at any time request an in camera hearing to inquire into the matter. *Parker v. State*, Okl.Cr., 570 P.2d 342 (1977).

■ The defendant in his second assignment of error, asserts that the admission into evidence of his red and black plaid flannel shirt was fundamental error because it was obtained by an illegal search and seizure. The defendant made no motion to suppress this evidence, either prior to or during trial, or object to its admission. This Court in *Rider v. State*, Okl.Cr., 494 P.2d 347, 349 (1972), held:

"... It is a well established rule in this jurisdiction that an objection to evidence allegedly obtained by illegal search and seizure must be interposed at the first opportunity and should be made either at the beginning of a trial by motion to suppress evidence, or in the course of examination as soon as it becomes apparent that the State will rely thereupon, and defendant failing to make timely objections waives the right to be heard on such question. *English v. State*, Okl.Cr., 462 P.2d 275 (1969). *Martinez v. State*, Okl.Cr., 453 P.2d 304 (1969)."

■ The defendant asserts in his third assignment of error that the court erred in not giving a cautionary instruction sua sponte on the ground that the identification of the defendant by Ms. Russell was suspect. No request was made for such an instruction, and in *Oliver v. State*, Okl.Cr., 568 P.2d 1327 (1977), we stated the general rule is that failure to request such an instruction operates as a waiver unless the Court is convinced that under the facts of the particular case the absence of the instruction resulted in the substantial violation of the defendant's rights. Testimony as to identification need not be received by the jury with caution and indeed may be treated as the statement of fact where (1) the witness had an opportunity to observe the subject clearly, (2) the witness is positive in the identification, (3) the witness' identification is not weakened by a prior failure to identify and (4) the witness' testimony remained positive and unqualified even after cross-examination. *Moreau v. State*, Okl.Cr., 530 P.2d 1061, 1066 (1975). We find that Ms. Russell had the opportunity to clearly observe the defendant in her home. Her identification was positive, was

not weakened by a prior failure to identify and remained positive under cross-examination. Therefore, we find that no substantial rights of the defendant were violated because of the absence of a cautionary instruction, and this assignment of error is without merit.

The defendant's fourth assignment of error is that the sentence of 15 years is excessive and should be modified. This Court has repeatedly stated that the question of excessiveness of punishment is to be determined by a study of all the facts and circumstances surrounding each individual case, and we do not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence was so excessive as to shock the conscience of the Court.

*Dodson v. State*, Okl.Cr., 562 P.2d 916 (1977). Considering the evidence of the defendant's guilt and the fact that the sentence imposed was well within the statutory limit, we cannot conscientiously say that the sentence assessed shocks the conscience of this Court.

The judgment and sentence is, accordingly, *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.