**Larry Paul GODWIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–417.**

Court of Criminal Appeals of Oklahoma.

March 5, 1981.

As Corrected March 12, 1981.

---

1. *Edwards v. State*, 591 P.2d 313 (Okl.Cr.1979), at p. 322.

Frank H. McCarthy, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Jackson, Asst. Atty. Gen., of Oklahoma, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was charged with the crime of Shooting with Intent to Kill and was convicted of Assault and Battery with a Deadly Weapon in the District Court of Tulsa County, Oklahoma, Case No. CRF–78–1785. Punishment was set at ten (10) years' imprisonment.

The conviction arose out of a barroom incident at the Friends Lounge in Tulsa, Oklahoma, on July 13, 1978. The appellant attracted the manager's attention by wiping his fingerprints from everything he touched. After learning from a patron that the appellant was carrying a handgun, the police were called. Officer Carl Vance Kime, Jr. responded to the call. When he identified himself as an officer and asked the appellant to place his hands on the bar, a struggle ensued. Near the front door the appellant jerked away, shooting Officer Kime in the chest. The uniformed officer was wearing a personal body protector vest, thus sustaining as the only injury a red or abrasive area to the chest.

### I.

Presented as the first error is the trial court's admitting testimony of a police

officer which indicated that upon being advised of the *Miranda* warnings the appellant asserted the right to remain silent.[1] Two cases are relied on by the appellant: *Brown v. State,* 541 P.2d 242 (Okl.Cr.1975) and *Buchanan v. State,* 523 P.2d 1134 (Okl. Cr.1974). These cases stand for the proposition that the prosecutor may not elicit testimony about a defendant's pretrial silence.

The State responds that the questioned testimony was offered only to show that the appellant's constitutional rights were protected and to inform the jury of the facts surrounding the appellant's arrest. The State argues that the two cases relied on by the appellant are distinguishable in that both involve the cross-examination of defendants on their failure to make a statement prior to trial. The present case concerns a police officer whose testimony reflects the appellant's election to invoke the right to remain silent after being read the *Miranda* warnings.

We agree with the appellant's contention that the testimony elicited by the prosecutor was error. However, we must further find that the error was harmless in view of our disposition of similar assignments of error in *Holdge v. State,* 586 P.2d 744 (Okl. Cr.1978) and *Youngs v. City of Tulsa,* 563 P.2d 156 (Okl.Cr.1977). In those cases this Court found the error was harmless because the defendant elected to testify in his own behalf.

Dispositive of this assignment is *McGaha v. State,* 492 P.2d 1101 (Okl.Cr.1971), in which we held in a situation where a defendant failed to take the stand that the harmless error doctrine of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), would apply because there is no "reasonable possibility that the evidence complained of might have contributed to the conviction." Considering the fact that appellant Godwin testified in his own behalf and having carefully reviewed the entire record, we must conclude that this is not "a case in which, absent the constitutionally forbidden comments, honest, fairminded jurors might very well have brought in not-guilty verdicts." *Chapman v. California,* supra, 386 U.S. at 25–26, 87 S.Ct. at 829.

## II.

Additional error is predicated upon the trial court's admission of an extra-judicial identification of the appellant by Officer Kime through the testimony of Officer Temple. Following the barroom incident, the appellant fled the scene on foot. He was subsequently apprehended and transported by Officer Temple back to the Friends Lounge. There Officer Kime made a positive identification of the appellant. *Hill v. State,* 500 P.2d 1075 (Okl.Cr.1972) is relied on for the rule that the testimony of a third party to an extra-judicial identification of a defendant by another person is inadmissible.

In a special concurring opinion to *Hill v. State,* supra, Judge Simms recognized that Oklahoma was in the minority in adhering to the rule laid down in *Cothrum v. State,* 379 P.2d 860 (Okl.Cr.1963). That case held that testimony brought out by the prosecution in chief of an extra-judicial identification is inadmissible and constitutes reversible error. The reasoning in *Cothrum* was modified in *Hill* and *Towning v. State,* 521 P.2d 415 (Okl.Cr.1974), so that an eyewitness to a crime can now testify that he made an extrajudicial identification of the

---

1. The complained of testimony elicited from police Officer Temple on direct examination was: (Tr. 58)

 Waiver No. 2—Having these rights in mind, do you wish to talk to us?
 Q. Did he respond to that?
 A. Just a negative reply.
 Q. What did he do?
 A. He nonchalantly nodded.
 On cross-examination Officer Temple stated: (Tr. 61)

 Q. Gerald, you made the statement that he was rather nonchalant?
 A. Uh-huh, just in his reply to the rights waiver, because I didn't ask him anything.
 Q. In other words, he just said no?
 A. Right, I said, "Do you want to talk about it?" And he went like that (Indicating), kind of a negative type response.

defendant. Both *Hill* and *Towning* indicate, as reflected in *Washington v. State*, 568 P.2d 301 (Okl.Cr.1977), that although an eyewitness can testify at trial to an extra-judicial identification, this can only be done by that witness, not by an officer or any other third party who was present at the time the extra-judicial identification was made.

Although we are convinced that admission of Officer Temple's testimony was error and that the jury should have been admonished to disregard it, an inordinate amount of prejudice did not result. Further, the appellant's failure to object to the admission of the testimony constitutes a waiver of the objection on appeal. *Roberts v. State*, 568 P.2d 336 (Okl.Cr.1977). The identification followed the positive in-court identification of the appellant by Officer Kime. Moreover, even if the evidence had been properly excluded there was sufficient evidence to justify the appellant's conviction, and the case will not, therefore, be reversed on this account.

### III.

■ Our final consideration concerns whether the trial court improperly allowed the State to introduce improper testimony. Specifically, it is argued that hearsay responses were elicited from Mr. Hilton, the manager of the Friends Lounge, when the prosecutor asked him what he did as a result of a conversation with a third party. The implication is that the witness provided information to the jury from some third party, i. e. hearsay, in violation of the rule handed down in *Washington v. State*, 568 P.2d 301 (Okl.Cr.1977).

The transcript reflects that Mr. Hilton was prohibited from testifying as to what a third party had said to him because a proper objection was raised and sustained. This related to facts leading Mr. Hilton to become suspicious of the appellant. Thereafter, the State questioned him as to his actions resulting from the conversation with the third person. This testimony was not hearsay. As pointed out by the State, it comes within the rule set forth in the Sev-

enth Syllabus to *Williams v. State*, 542 P.2d 554 (Okl.Cr.1975):

The clearest case of hearsay is where a witness testifies to the declarations of another for the purpose of proving the facts asserted by the declarant. The hearsay rule, however, does not operate, even apart from its exceptions, to render inadmissible every statement repeated by a witness as made by another person. It does not exclude evidence offered to prove the fact that a statement was made or a conversation was had, rather than the truth of what was said. Where the mere fact that a statement was made or a conversation was had is independently relevant, regardless of its truth or its falsity, such evidence is admissible as a verbal act.

Therefore, the appellant's final contention is without foundation. The judgment and sentence, however, will be modified from ten years' imprisonment to seven (7) years' imprisonment due to the error in admitting the extra-judicial identification of the appellant by Officer Kime through the testimony of Officer Temple, and in all other respects is AFFIRMED AS MODIFIED.

BRETT, P. J., concurs.

BUSSEY, J., specially concurring.

BUSSEY, Judge, specially concurring:

I concur for the reason that the evidence of the appellant's guilt was overwhelming, and any error was harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 824 (1967).