Rickey Ray ELVAKER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–777.

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1985.

Mark Barrett, Sp. Counsel, Appellate Public Defender's Office, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Rickey Ray Elvaker was convicted by a jury in the District Court of Oklahoma County, Case No. CRF–83–1802, for the

offense of Robbery with Firearms, After Former Conviction of Two or More Felonies. He was sentenced to a term of fifty (50) years imprisonment. We affirm the judgment and sentence of the District Court.

Around midnight on March 24, 1983, a Taco Bell restaurant in south Oklahoma City was robbed by two men wearing motorcycle goggles and bandanas. One of the men was armed with a sawed-off shotgun. The pair took some $280.00 in small currency bills during the robbery.

When police arrived at the crime scene, they were given a description of the two robbers, and the license tag number of the motorcycle the pair rode. This information was dispatched to police units, and one of the officers recognized the tag number. He drove to the appellant's address, examined the motorcycle, which was parked outside, and discovered the engine was hot. When appellant emerged from the residence, he was immediately arrested. After backup units arrived, officers peered through a window and observed another man, Johnie Glen Smith, stuffing currency under a sofa cushion. Both appellant and Smith matched the descriptions given by witnesses.

In a subsequent search of appellant and the residence, police discovered three .12 gauge shotgun shells in the appellant's pocket, two shells in a coat identified at trial as the same as one worn by the thieves, a .12 gauge sawed-off shotgun, and $181.00 in small currency bills.

At trial, appellant also was linked to the crime through the testimony of witness Latricia Nichols. She identified a photograph of appellant, taken the day of the robbery, as depicting one of the men who robbed the restaurant. She was unable to make an identification at trial, however.

### I.

In his first assignment of error, the appellant maintains insufficient evidence was presented by the State to support this conviction. Appellant's claim is that none of the witnesses identified him at trial as one of the robbers, and the remaining evidence was entirely circumstantial. We do not agree with appellant's contention.

We have previously stated "that where there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict." *Truelove v. State*, 545 P.2d 1270, 1271 (Okl.Cr.1976). *Accord Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this case, a Taco Bell restaurant was robbed at gunpoint by two men. Appellant was linked to the crime through Ms. Nichols identification of appellant's photograph, and through a significant amount of circumstantial evidence. This assignment of error is without merit.

### II.

Next, appellant claims the trial court erred in the admission of State's Exhibit No. 4, the police "mug shot" used by Ms. Nichols in her identification. He claims that this constituted evidence of an improper extrajudicial identification, and, further, that the prosecutor made improper reference to this identification in his closing argument. The facts, however, do not support appellant's claim.

In this case, none of the eyewitnesses to the robbery could identify the appellant at trial. However, Ms. Nichols testified she had previously identified State's Exhibit No. 4 as depicting one of the two men who robbed the restaurant. She also stated at trial that she still believed the man in State's Exhibit No. 4 committed the robbery. A police officer later identified the photograph as that of the appellant. He stated the photo was made the day of appellant's arrest. At that point, the trial court admitted the photograph.

We cannot agree with the appellant's claim that the officer was permitted to testify regarding the extrajudicial identification made by Ms. Nichols. In *Godwin v. State*, 625 P.2d 1262 (Okl.Cr.1981), we said

[A]n eyewitness to a crime can now testify that he made an extrajudicial identification of the defendant ... [A]lthough an eyewitness can testify to an extrajudicial identification this can only be done by that witness, not by an officer or any other third party who was present at the time the extrajudicial identification was made.

*Id.* at 1264. Testimony regarding the extrajudicial photographic identification was given by Ms. Nichols alone. The officer merely identified the photograph as one depicting appellant, as a predicate to the admission of the exhibit. He did not testify regarding Ms. Nichols' extrajudicial identification of appellant's photograph, and we therefore do not believe the trial court erred in permitting admission of State's Exhibit No. 4.

■ Furthermore, once this evidence was admitted, the prosecutor's argument relating to the identification was proper, especially since the photograph showed how appellant's appearance had changed between the time of his arrest and trial. *See Richardson v. State,* 600 P.2d 361, 366 (Okl.Cr.1979). This assignment of error is without merit.

### III.

■ Appellant also argues the trial court erred in its failure to issue a cautionary instruction concerning the identification of appellant's photograph by Ms. Nichols. However, appellant failed to request such an instruction, and we cannot say the trial court erred in its failure to include this instruction, absent a request by defense counsel. *See Luckey v. State,* 529 P.2d 994 (Okl.Cr.1974). This assignment of error is also without merit.

### IV.

■ In his fourth assignment of error, appellant claims the prosecutor engaged in improper conduct which deprived him of a fair trial. We note, however, that many of these alleged instances were not objected to by defense counsel. None of these instances of alleged misconduct rise to the level of fundamental error, and, accordingly, neither reversal nor modification is warranted. *See Freeman v. State,* 681 P.2d 84 (Okl.Cr.1984).

■ We are concerned with the prosecutor's reference to appellant and his co-defendant as "creatures". Such comments by a prosecutor are improper and are uncalled for. *See Robinson v. State,* 574 P.2d 1069 (Okl.Cr.1978) (appellant referred to as a "savage"); *Roberts v. State,* 571 P.2d 129 (Okl.Cr.1977) ("trash"); *Watts v. State,* 487 P.2d 981 (Okl.Cr.1971) ("dangerous animals"). However, we are not prepared to say that this single comment, in-and-of-itself, is sufficient to overturn this conviction. *See Mahorney v. State,* 664 P.2d 1042 (Okl.Cr.1983).

### V.

■ Finally, the appellant challenges the propriety of Instruction No. 5, which he claims established a presumption impermissible under the Due Process Clause of the Fourteenth Amendment. Appellant was charged pursuant to 21 O.S.1981, §§ 791, 801. The trial court instructed that "when robbery is committed by use of a firearm, that is the one doing the robbing presents a gun and demands money, fear is presumed and the State need not prove fear by independent evidence." We note that this precise instruction was recently approved by this Court in *Pisano v. State,* 636 P.2d 358 (Okl.Cr.1981). Accordingly, this assignment of error is also without merit.

The judgment and sentence of the District Court is AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring.

I concur in the affirmation of the judgment and sentence in this case. I write only to point out that this Court's approving the admission of Exhibit No. 4 is a marked expansion of the rule that permits testimony regarding an extrajudicial identification.

Prior to the 1972 case of *Hill v. State*, 500 P.2d 1075 (Okl.Cr.1972), testimony brought out by the prosecution in chief of an extrajudicial identification was inadmissible and constituted reversible error. In *Hill* that rule was modified by a Special Concurrence by Judge Simms, in which Judge Bussey concurred, to allow the identifier, after making an in-court identification that satisfied the requirements of *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Thompson v. State*, 438 P.2d 287 (1968), to testify that he at a particular day, place, and time or times, had occasion to see, recognize and identify the defendant as the person who committed the crime. The rationale for this change was that a "prior identification of an accused is more reliable than a later courtroom identification for the reason that it is closer to the crime in point of time, thus affording less opportunity for fading or deterioration of the victim's memory or changes in the accused's appearance." 500 P.2d at 1078.

The quote from *Godwin v. State* set forth in Judge Parks' opinion appears to indicate that this Court has previously permitted testimony regarding extrajudicial identification without any limitation save that the identifier be the testifier. This is not the case. As recently as January of this year Judge Parks wrote that "the identifier may testify about the pre-trial identification procedure *after,* and *only after,* an in-court identification has been made." *Jones v. State*, 695 P.2d 13, 16 (Okl.Cr. 1985). It is clear when read in full that the *Godwin* opinion was merely a reiteration of the rule that the evidence of the pretrial identification cannot be introduced by a third person present at the identification but must be introduced by the identifier himself.

Nevertheless I believe the expansion set forth in this case is a good one. It is an unfair advantage to the defense to be able to so alter the appearance of the accused that he cannot be identified in court and then prohibit the State from presenting evidence that that same person had been identified before his appearance was so al-tered. Furthermore the method used in this case was the proper one: the identifier identified the photograph she had picked out as being that of the robber, and the police officer testified that the person in the picture was the same Rickey Elvaker that was on trial.

I also wish to point out that the test for sufficiency of the evidence was changed by *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The test now is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789. Applying this test to the evidence presented, I agree that the evidence was sufficient.