Charles Steven **BRADLEY**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. F–83–616.

Court of Criminal Appeals of Oklahoma.

Nov. 21, 1985.

Disposition Modified on Rehearing
Dec. 17, 1985.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Charles Steven Bradley, was charged by Information in Oklahoma County District Court Case No. CRF–82–1978 with Second Degree Burglary (21 O.S.1981, § 1435), After Former Conviction of Two or More Felonies. The jury found him guilty as charged and recommended one hundred (100) years' imprisonment. The appellant was sentenced accordingly and appeals. We modify the sentence and affirm.

On the morning of April 18, 1982, Henry Hill observed a man entering his next-door neighbor's garage door. The screen and glass on the garage doors had been broken. When Hill said good morning, the man exited the garage, got in his truck and left. Hill telephoned the police with a description of the man, his pickup, and a partial tag number that his son had written down. Later that morning Hill saw the man in the pickup again, so he followed him, obtained the full tag number, and telephoned the additional information to the police. The appellant, who matched Hill's description, was arrested two days later when a police officer spotted the pickup with the appellant in it. Jessie James Green, Hill's neighbor who was burglarized, testified that a gun, money, jewelry, clothes, and Kennedy half-dollars were missing from his home after the incident. The appellant initially confessed to the crime but recanted after a search of his home yielded no fruits of the burglary.

Eyewitness Hill was unable to identify the appellant with certainty at trial as the man he had seen in Green's garage. The trial was held almost exactly one year after the burglary, and the appellant's appearance had changed. Mr. Hill described appellant as having a full mustache at the time the burglary occurred, but at preliminary hearing the appellant was clean shaven when he identified him. At trial appellant was wearing a full beard. Hill did testify that the appellant fit the general description, and that he (Hill) had picked appellant's photograph from a photographic line up several days after the burglary and had identified the appellant at preliminary hearing.

In his first and second assignments of error, the appellant argues that a cautionary instruction on eyewitness identification should have been given, although none was requested, and that the evidence of the

extrajudicial identification was improper, although no objection was made at trial. Neither contention has merit.

 Appellant relies on *Hair v. State*, 597 P.2d 347 (Okl.Cr.1979), for the proposition that even in the absence of a request, failure to give a cautionary instruction can rise to prejudicial error if under the facts of the particular case the absence of such instruction resulted in a substantial violation of the defendant's rights. The Court in *Hair* noted that if certain conditions are met, the identification need not be received with caution. In the present case, three of those conditions were met: the witness had an opportunity to observe the appellant clearly for approximately five minutes in the daylight from a distance of fifteen to twenty feet; the witness was positive in the identification at the preliminary hearing; the witness' identification was not weakened by a prior failure to identify; and the witness' testimony at trial was that the appellant met the general description, but that his appearance had changed.

Under these circumstances, it was not error for the trial court not to give, sua sponte, an instruction cautioning the jury about eyewitness identification. This is so even though mistaken identification was the appellant's defense.

 Nor was it prejudicial error for the trial court to allow a police detective to testify in regard to an extrajudicial photographic lineup where the eyewitness identified the appellant. The eyewitness personally testified about the pre-trial identification. This is now permissible even though no in-court identification is made. *Elvaker v. State*, 56 O.B.J. 2481, 707 P.2d 1205 (Okl.Cr.1985). The detective's testimony should have been limited to the fact that the photograph identified was of the same person who was being tried. 56 O.B.J. at 2484, 707 P.2d 1205 (Brett, J., Specially Concurring). The detective perhaps gave too many details about the lineup, but any error was waived by appellant's failure to object. *See Godwin v. State*, 625 P.2d 1262 (Okl.Cr.1981). No prejudice resulted.

The appellant's last three assignments of error allege that the punishment imposed was excessive. We agree. At the second stage of the trial, defense counsel stipulated to the appellant's six prior convictions, all of which were nonviolent property crimes. Closing arguments were not recorded, but after the jury recommended one hundred years' imprisonment, the judge commended them for their excellent verdict, for not letting the appellant con them, and for sending out a message to convicted felons that constant repetition of crime will not be tolerated.

While we agree that receipt of seven felony convictions merits strong punishment, one hundred years' imprisonment for a nonviolent property crime shocks the conscience of this Court. Therefore the sentence is modified to life imprisonment and as MODIFIED, the Judgment and Sentence is AFFIRMED.

PARKS, P.J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

I would affirm the judgment and sentence without modification.

## ORDER GRANTING PETITION FOR REHEARING AND MODIFYING DISPOSITION

 On November 21, 1985, this Court affirmed the conviction of appellant in the above numbered and styled cause but modified his sentence from one hundred years' imprisonment to life imprisonment. He now petitions this Court for a rehearing, complaining that all time credits previously earned will be lost, thus depriving him of due process, because prisoners serving life sentences cannot have time credits deducted from their sentences. *See* 57 O.S.1981, § 138.

NOW THEREFORE, after being fully advised in the premises this Court finds that for good cause shown the life sentence imposed should be modified to forty-five years' imprisonment.

IT SO ORDERED.