Robert L. COULTER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-646.

Court of Criminal Appeals of Oklahoma.

March 4, 1987.

Rehearing Denied March 27, 1987.

Susan McNaughton, Sp. Counsel, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Robert L. Coulter, was convicted of Robbery with Firearms, After

Former Conviction of a Felony, and Kidnapping for the Purpose of Extortion, After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF–82–3518. The appellant was sentenced to ninety-nine (99) years and one (1) day imprisonment for the robbery and to two hundred fifty (250) years imprisonment for the kidnapping, to be served consecutively. As modified, judgment and sentence is affirmed.

At 10:00 a.m. on the morning of June 19, 1982, an armed man, subsequently identified as the appellant, committed a robbery of the Gold-N-Ideas jewelry store in Oklahoma City, Oklahoma. The three co-owners of the store, Jim Hooker, Darold Lerch, and his wife, Connie Lerch, were present at the time of the robbery. The perpetrator entered the store and asked to look at some diamonds. When Mr. Hooker went to the back of the store to get the stones, the robber grabbed Mrs. Lerch around the neck and pulled out a gun. He stated that she would not be hurt if the men cooperated and demanded that they fill a paper bag with jewels. He then decided that he wanted some gold chains and fired his pistol into a display case. Darold Lerch gathered up the chains and put them into the sack.

After the gunman had obtained the diamonds and and the chains, he backed out of the store still holding Mrs. Lerch hostage. As he did so, he told the men that he would kill her if they tried to follow. The gunman then forced Mrs. Lerch into a car and drove away. Shortly thereafter, he pulled over to the side of the road and let Mrs. Lerch out of the car. She later testifed that she could not identify her assailant because she was too frightened to look him in the face.

About four weeks later, in response to police inquiries, the investigating officer in the case was contacted by a deputy sheriff from Wichita, Kansas. The deputy gave the officer information which indicated that the appellant might have been involved in the robbery. Acting on this information, the officer showed photographs of the appellant and several other men to Mr. Hook-

er and Mr. Lerch. Each witness identified the appellant as the gunman.

The appellant was eventually arrested in October of 1983, one year and four months after the robbery. He was advised of his rights and admitted having robbed two jewelry stores in northwest Oklahoma City. The appellant could not remember the name of either store, but stated that he had taken a woman hostage during one of the robberies.

I.

In his first assignment of error, the appellant contends that the trial court committed reversible error by allowing the officer, who conducted the pre-trial photographic identification line-up, to testify as to the circumstances and results.

Appellant is correct in his contention that the officer's testimony was improper. Third party pre-trial identification testimony is admissible only for rebuttal or evidentiary hearing purposes. *Hill v. State*, 500 P.2d 1075 (Okl.Cr.1972). In this case, however, the appellant failed to object. We have previously held that in the absence of an objection, the admission of such testimony does not constitute reversible error. *Bradley v. State*, 715 P.2d 78 (Okl.Cr.1985); and *Towning v. State*, 521 P.2d 415 (Okl.Cr.1974).

II.

Second, the appellant contends that the trial judge committed reversible error when he overruled the appellant's objection to an alleged evidentiary harpoon, which occurred during the testimony of the investigating officer. We disagree.

After testifying about receiving incriminating information from Kansas, the investigating officer discussed his preparation of the photographic identification line-up and stated that the photographs had been taken at the Oklahoma County jail. Appellant's objection to the testimony was overruled.

In *Blevins v. State* 603 P.2d 1168, 1171 (Okl.Cr.1979), an officer who was asked to

describe his investigation testified as follows:

I conducted a continuing investigation into the case, I presented Miss Pickett at several later dates with numerous photographs of persons arrested and suspected with robbery charges. The pictures were obtained from the Oklahoma County Sheriff's Office Jail and presented to her and also—

In response to the defendant's allegation of an evidentiary harpoon, this Court stated that the remarks came dangerously close to implying that the defendant had committed another crime. Considering the total circumstances, however, we held that the statements were harmless error, since they did not specifically refer to any prior criminal activity.

 In this case, the officer also came very close to implying prior criminality. Police officers should not be permitted to refer to "jail" photographs during trial testimony. Again, however, considering the totality of the circumstances and the lack of specific reference to a prior crime, we hold that the trial judge's error was not sufficiently prejudicial to justify a reversal.

### III.

In his fourth assignment of error, the appellant contends that the trial judge committed reversible error when he overruled the appellant's objections to certain testimony by the investigating officer. The officer testified that he had received information from a deputy sheriff in Kansas which led him to suspect that the appellant had committed the crimes in question.

A very similar situation was discussed in the case of *Washington v. State*, 568 P.2d 301 (Okl.Cr.1977). In *Washington*, an officer was allowed to testify that a conversation with a small boy had led him to direct his investigation toward the defendant. This Court condemned the testimony and stated:

... it is permissible for an officer to testify that he received information from a third party which led to defendant's arrest provided, however, that the information received shows that the arrest was for a crime other than the one charged, or provided that the information received from the third party was just a description of the criminal and not an extrajudicial identification of the defendant as the perpetrator of the crime charged.

*Id.* at 311.

 Here, as in *Washington*, the information led to an arrest for the crime charged and was not simply a general description of the criminal, but was specifically directed toward the appellant as the perpetrator. Accordingly, the admission of the testimony was error.

 In *Meeks v. State*, 637 P.2d 1259 (Okl.Cr.1981), this Court reversed the defendant's conviction because the arresting officer had been allowed to testify about certain incriminating third party information. We reversed, however, because the testimony directly linked the defendant to evidence which was critical to his conviction. There is no similar link in this situation.

Therefore, as we stated in *Washington:*
[W]e are convinced that though this was error and the jury should have been admonished to disregard it, an inordinate amount of prejudice did not flow therefrom. Even if this evidence were to be properly excluded there was more than enough evidence to justify defendant's conviction and it will not, therefore, be reversed on this account.

*Id.* at 311.

### IV.

In his fifth assignment of error, the appellant contends that the trial court's first stage instructions were fundamentally defective because they did not properly inform the jury of the elements of the crime of robbery with a firearm, and because the instructions on the appellant's plea and presumption of innocence were not given in the order recommended by the *Oklahoma Uniform Jury Instructions*. We disagree.

 Appellant alleges that the instructions were fundamentally defective because the trial judge unnecessarily repeated the

charges against the appellant and improperly set forth the elements of robbery in the first degree instead of robbery by firearm. We first note that the appellant failed to object to the instructions or to submit any instructions of his own. A failure to object waives all but fundamental error. *Jetton v. State*, 632 P.2d 432 (Okl. Cr.1981).

■ An examination of the record reveals that the court's instructions recited the information against the appellant, quoted the statutes upon which the charges were based, individually stated that the appellant was charged with robbing the Gold-N-Ideas jewelry store with a firearm and kidnapping Connie Lerch for purpose of extortion, and finally, set out the elements of *robbery with a firearm* and kidnapping for extortion. We find that the instructions were not unduly repetitious.

■ On the other hand, it was improper for the trial court to instruct on the elements of robbery in the first degree when the appellant was charged with robbery with a firearm. However, we hold that the trial court's instructions, when read as a whole, clearly and unambiguously indicate that the use of a firearm was an essential element of the offense. *Cf. Vigil v. State*, 666 P.2d 1293 (Okl.Cr.1983).

■ In this case, the instruction reciting the information charged the appellant with robbery by firearm. The instruction reciting the statute required the use of a firearm. One instruction specifically stated that the appellant was charged with robbery by firearm. "Firearm" was one of the elements defined. Finally, the jury was instructed that they must find the appellant guilty beyond a reasonable doubt of robbery by firearm, as charged in the information and defined in the instructions. No rational trier of fact could have failed to understand that the use of a firearm, was an essential element of this offense.

This Court has long held that the omission of an element in one instruction can be cured by its inclusion in another. As the Supreme Court of Oklahoma stated in

*Blair v. Territory*, 15 Okl. 549, 82 P. 653, 654 (1905):

A court is not required to state all of the law of the case in one instruction, and where an instruction given simply omits a proposition which it should contain, and that proposition is clearly and specifically set out in another instruction, and together they embrace the law applicable to the case and do not conflict, we can see no cause for complaint.

Here, the trial court's instructions listed the elements of first degree robbery. Except for the firearm element, first degree robbery and robbery by firearm are identical. In this instance, the missing element was clearly supplied by the other instructions. The instructions contain no inherent conflicts and together fully present the applicable law. *Cf. Lee v. State*, 96 Okl.Cr. 170, 250 P.2d 883 (1952).

Finally, the appellant contends the trial judge's instructions prejudicially de-emphasized his plea and presumption of innocence. The Oklahoma Uniform Jury Instructions list a defendant's plea and presumption of innocence as the third and fourth recommended instructions. Here, they were given 18th and 19th. Appellant argues that the trial judge's failure to follow the recommended sequence amounts to an inadequate protection of his constitutional presumption of innocence.

■ As previously noted, the appellant did not object to the instruction sequence. Consequently all non-fundamental error is waived. *Jetton, supra.* Furthermore, the appellant cites no authority for his novel proposition. This Court will not address unsupported assignments of error. *Dick v. State*, 596 P.2d 1265 (Okl.Cr.1979). Finally, this Court has stated many times that we will not overturn a conviction based on a claim of faulty instruction when the instructions, read as a whole, fairly and correctly state the applicable law. *Stanley v. State*, 97 Okl.Cr. 92, 258 P.2d 690 (1953); and *Lee, supra.* This assignment of error is, therefore, without merit.

## V.

Appellant next contends that the district attorney acted without authority of law when he issued a subpoena *duces tecum* to Southwestern Bell Telephone on February 4, 1983. The subpoena was signed by a judge of the district court and indicates on its face that it was issued pursuant to the provisions of 22 O.S.1981, § 258. Section 258 reads in pertinent part:

The district attorney may, on approval of the county judge or the district judge, issue subpoenas in felony cases and call witnesses before him and have them sworn and their testimony reduced to writing and signed by the witnesses at the cost of the county. Such examination must be confined to some felony committed against the statutes of the state and triable in that county, and the evidence so taken shall not be receivable in any civil proceeding. A refusal to obey such subpoena or to be sworn or to testify may be punished as a contempt on complaint and showing to the county court, or district court, or the judges thereof that proper cause exists therefor.

Here, a felony case was in existence prior to the issuance of the subpoena, it was signed by a district judge and the crimes occurred and were triable in Oklahoma County. Accordingly, the district attorney's actions were lawful.

## VI.

In his seventh assignment of error, the appellant contends that the evidence does not support a charge of kidnapping for the purpose of extortion. Title 21 O.S.1981, § 745(A), the applicable statue, provides as follows:

Every person who, without lawful authority, forcibly seizes and confines another, or inveigles or kidnaps another, for the purpose of extorting any money, property or thing of value or advantage from the person so seized, confined, inveigled or kidnapped, or from any other person, or in any manner threatens either by written instrument, word of mouth, message, telegraph, telephone, by placing an ad in a newspaper, or by mes-

senger, demands money or other thing of value, shall be guilty of a felony, and upon conviction shall suffer death or imprisonment in the penitentiary, not less than ten (10) years.

Appellant argues that it was error for the trial judge to instruct that an intent to extort "safely and escape" was sufficient under the statute. Without citing any case authority, he argues that safety is not a "thing of value." However, the statute proscribes extorting "money, property or thing of value or *advantage....*" (Emphasis added). At the time the appellant took Connie Lerch hostage and made his escape, he told the two male robbery victims that if they tried to follow, he would kill her. Clearly, the appellant was demanding an advantage in exchange for her release. The reach of section 745(A) is not limited to those situations in which a ransom is demanded. *Cf. Gregory v. State,* 628 P.2d 384 (Okl.Cr.1981); and *Norris v. State,* 68 Okl.Cr. 172, 96 P.2d 540 (1939). This assignment of error is without merit.

## VII.

Finally, in his third assignment of error, the appellant contends that prejudicial testimony and inflammatory closing argument deprived him of his right to a fair trial. Initially, the appellant complains of opening remarks and trial testimony relating to the victim's feelings. Ordinarily, such questions are prejudicial and serve only the purpose of inflaming the jury. *Cowles v. State,* 636 P.2d 342 (Okl.Cr.1981). However, in a case of robbery, fear is an element and the victim's state of mind is a highly relevant form of proof. *Hill v. State,* 19 Okl.Cr. 406, 200 P. 253 (1921). It was not, therefore, improper for the trial judge to overrule the appellant's objections to such testimony.

Appellant also objects to testimony and argument about his change in appearance from the time of the crime, to the preliminary hearing, to trial. Most of the testimony and argument, however, related to explanations for Mr. Lerch's failure to identify the appellant at preliminary hear-

ing. As such, we hold that it was clearly relevant and admissible. *Cf. Bradley v. State*, 715 P.2d 78 (Okl.Cr.1985).

■■■■ On the other hand, the prosecutor ventured well beyond permissible limits when he argued that the appellant had deliberately changed his appearance for the purpose of avoiding identification. There was absolutely no evidence that the appellant's well-dressed courtroom appearance was assumed for the purpose of avoiding identification. Argument outside the record is prohibited. *Ward v. State*, 633 P.2d 757 (Okl.Cr.1981). Furthermore, although fear is an element of this offense, the prosecutor utilized the fear factor to make a blatant appeal for sympathy for the victim. Arguments for sympathy have been consistently condemned by this Court. *Williams v. State*, 658 P.2d 499 (Okl.Cr. 1983). In addition, the prosecutor invited the jury to speculate on how close robbery is to murder, implied that the appellant would eventually kill a victim if not given a lengthy sentence, and argued that the appellant should be "warehoused," so that he could not do society any more harm. When such arguments occur during first stage proceedings, we have not hesitated to reverse and remand. *Lowe v. State*, 673 P.2d 167 (Okl.Cr.1983); *Brewer v. State*, 650 P.2d 54 (Okl.Cr.1982); and *Cobbs v. State*, 629 P.2d 368 (Okl.Cr.1981). Finally, the prosecutor ridiculed opposing counsel and the defense by arguing that counsel had presented an "air defense" and was treating the jurors as if they had just "fell off an applecart." This Court has long held that "[c]ounsel should refrain from casting aspersions upon opposing counsel." *Black v. State*, 663 P.2d 22, 25 (Okl.Cr.1983).

■■■ Although the appellant failed to object to the prejudicial remarks, this Court has consistently held that such failure does not prevent correction of the error when its effect is prejudicial to the fundamental fairness of the proceedings. In this case, however, since the vast majority of prejudicial comment occurred during second stage proceedings, reversal is not appropriate. On the other hand, when considered in conjunction with the errors previously discussed (parts I, II and III), it is impossible to say their combination had no effect on the jury's sentencing determination. *Cf. Lovell v. State*, 455 P.2d 735 (Okl.Cr. 1969). Accordingly, the appellant's sentence is hereby modified from ninety-nine (99) years and one (1) day imprisonment to fifty (50) years imprisonment for the robbery and from two hundred fifty (250) years imprisonment to fifty (50) years imprisonment for the kidnapping, to be served consecutively.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED as MODIFIED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in part and dissents in part.

BUSSEY, Judge, concurring in part and dissenting in part:

While I agree that the judgments should be affirmed, I must dissent to the modification of the sentences. In Part I of the opinion, the alleged improper testimony was not objected to; consequently, it was waived. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980).

Part II of the opinion states that ... "the officer also came *very close to implying* prior criminality." I agree that the officer came very close to implying prior criminality, but he in fact did not imply prior criminality. Hence, I find no error.

Part VII of the opinion cites numerous alleged improper remarks. However, none of the comments were met with a contemporaneous objection; thus, any error was waived. Moreover, many of the prosecutor's comments were invited by argument of defense counsel.

For these reasons, I would affirm the judgments and sentences.