Charles A. STINSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–181.

Court of Criminal Appeals of Oklahoma.

July 7, 1987.

Pamela Sue Holtzclaw, Sp. Counsel, Oklahoma Center for Criminal Justice Project, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Charles A. Stinson, was charged, tried, and convicted in the District Court of Tillman County for the crime of Robbery by Force, After Former Conviction of a Felony, and was sentenced to thirty (30) years imprisonment, and he appeals.

Briefly stated the facts are that on February 2, 1984, Jimmie Walden was working in a convenience store in Tipton, Oklahoma, and while she was conversing with two customers, appellant entered the store. Appellant asked Mrs. Walden if they sold penny candy, and she replied that they sold three cent candy. Appellant then placed three pieces of candy on the counter along with a dime, and when Mrs. Walden opened the cash register, he hit her in the head with his fist, grabbed some of the money and ran.

For his first assignment of error appellant asserts that the prosecutor repeatedly made improper comments and referred to facts not in evidence, thereby, denying him of his right to a fair trial. However, we note that only one of the alleged improper comments was objected to at trial; thus, the comments that were not met with a contemporaneous objection are waived. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980).

The lone comment that was preserved for review occurred during the cross-examination of Dr. Romero, a witness called by appellant to establish proof of insanity as a defense. The prosecutor questioned the witness concerning a book which the witness testified was used at the facility where he worked and was referred to as their "Bible." The prosecutor, in an effort to impeach the resource, asked the witness if that was the same book that says homosexuality is not a disease. Appellant claims that this comment was improper and prejudicial. However, in light of the overwhelming evidence of guilt, we do not believe that this isolated remark, even if it were improper, prejudiced appellant or contributed to the verdict. *Elvaker v. State*, 707 P.2d 1205, 1207 (Okl.Cr.1985). This assignment of error is without merit.

Appellant next contends that he was prejudiced by the fact that the trial court allowed into evidence a copy of a judgment and sentence which reflected a previous conviction for manslaughter in the first degree and also reflected that the original charge was murder. He argues that because the judgment and sentence reflected the initial charge of murder, it was highly prejudicial and irrelevant and was evidence of another crime. We note, initially, that defense counsel stipulated to the accuracy and validity of the former judgment and sentence, but argued that it should not be introduced in that it was prejudicial. It has long been the rule of this State that a former conviction is proven by the introduction of a properly certified judgment and sentence along with proper identity of the person. *Lawson v. State*, 486 P.2d 759 (Okl.Cr.1971). Although the former judgment and sentence did show the initial charge of Murder, we do not believe that this is evidence of other crimes since the judgment and sentence also clearly shows a former conviction for only one offense, first degree manslaughter. Consequently, we find that the former judgment and sentence was properly introduced.

In another assignment of error appellant complains that the trial court erred by allowing the State to show the jury part of his prison records. However, appellant, in his brief, failed to cite a page number in the trial transcript where this alleged error occurred. We have reviewed the trial transcript and are unable to find a reference to prison records in the trial transcript. Additionally, prison records were not introduced as an exhibit at trial. Therefore, we find no error.

The judgment and sentence is AF-FIRMED.

BRETT, P.J., and PARKS, J., concur.