**James Ray TRIM, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–89–329.**

Court of Criminal Appeals of Oklahoma.

March 20, 1991.

**698**

James T. Rowan, Asst. Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

James Ray Trim, appellant, was tried by jury and convicted on two counts of the crime of Robbery With A Firearm, After Former Conviction of a Felony (21 O.S. 1981, § 801) in Oklahoma County District Court, Case No. CRF–88–3067. In accord with the jury recommendation the trial court sentenced appellant to fifteen (15) years imprisonment for each count.

Appellant raises four propositions of error. Two related propositions concern the pre-trial photographic line-up. Appellant argues testimony by the detective who administered the line-up was improperly admitted, and that the prosecutor improperly bolstered the testimony of an eye-witness by asking her if she was certain of her identification. In his final two propositions the appellant argues comments by the prosecutor during opening statement concerning an informant's tip, and the seriousness of the crime amount to prosecutorial misconduct. We find the detective's testimony was improper, but that this error is harmless. Finding no other error, we affirm.

Around 8:00 p.m. on the evening of December 21, 1987, the appellant, and two companions came to the Bamboo Room bar in Midwest City and drank beer. His companions left the bar about 11:30 p.m., and he left about 11:45 p.m. Close to midnight, bartender Maria Davis was closing up, and her friends, Gerald and Jacqueline Duenow stayed to keep her company. The appellant reentered the bar, pointed a small hand gun at Davis and demanded money from the cash register. He ordered the Duenows onto the floor. After getting between one hundred and two hundred dollars from Davis, the appellant demanded and took Mr. Duenow's wallet which contained eighty dollars.

A photo line-up was conducted approximately five months after the crime was committed. Davis and Jacqueline Duenow each identified the appellant. Gerald Duenow was not able to make an identification.

In his first proposition of error the appellant argues Officer Tom Hoskins testified improperly regarding the circumstances of the photo line-up he conducted. He stated that Davis and Jacqueline Duenow were certain about their identifications. He did not state that either of the women identified the appellant. As no contemporaneous objection was lodged, the appellant has waived all but fundamental error. *Maxwell v. State*, 775 P.2d 818 (Okl. Cr.1989); *Aycox v. State*, 702 P.2d 1057 (Okl.Cr.1985).

Prior to Detective Hoskins' testimony both Davis and Mrs. Duenow made positive in-court identifications of the appellant, and testified regarding their photo line-up identification. Detective Hoskins testified to the procedure he used to show the women a six photo line-up. Without revealing that they identified the appellant, he stated that each of the women was certain in her identification.

We agree with the appellant that Detective Hoskins' testimony regarding the extra-judicial identification should not have been introduced. This Court has made clear that when a positive in-court identification is made, testimony that an extra-judicial identification was made may be admissible, but only by the identifier, and not by a third person present at the time of the identification. *See Maple v. State*, 662

P.2d 315 (Okl.Cr.1983); *Maxwell v. State,* 775 P.2d 818 (Okl.Cr.1989). Somewhat puzzling is the State's assertion that:

"This Court has recently held that an officer may testify to some of the circumstances surrounding an extrajudicial identification so long as the officer does not testify as to the actual identification and an eyewitness has already testified to the lineup identification of the defendant and had identified the defendant." (brief at 3–4).

The cases cited by the State, *Bradley v. State,* 715 P.2d 78 (Okl.Cr.1985); and *Elvaker v. State,* 707 P.2d 1205 (Okl.Cr.1985), do not support this interpretation. In *Elvaker* the officer only identified the picture of the defendant used in the photo line-up as a predicate to admission of the photo into evidence. 707 P.2d at 1207. In *Bradley* which follows *Elvaker* this Court explained that the detective's testimony should have been limited to the fact that the photograph identified was of the same person being tried, that the detective "perhaps gave too many details about the line-up", but that the error was waived by the appellant's failure to object. 715 P.2d at 80. The State has misapprehended the teaching of these cases. More recent cases from this Court are clearly contra. *See Maxwell v. State,* 775 P.2d 818 (Okl.Cr. 1989); *Miles v. State,* 741 P.2d 877 (Okl.Cr. 1987); and *Coulter v. State,* 734 P.2d 295 (Okl.Cr.1987).

■ Such testimony may be, but is not necessarily reversible error. *Compare Maple,* 662 P.2d at 316 (reversible error) and *Maxwell,* 775 P.2 at 819 (not reversible error). In the present case the introduction of third person identification testimony came after unequivocal in-court identifications of the appellant, and testimony by the identifying parties regarding the extra-judicial identification. The record establishes quite clearly that the testimony of Detective Hoskins was merely cumulative, and not, as the appellant urges, improper bolstering of the testimony by the two eye-witnesses. Under these circumstances we find the reasoning of *Maxwell* persuasive and find this error is not cause for reversal.

■ Appellant next makes the related argument that the prosecutor improperly bolstered the testimony of eye-witness Davis by asking her if there was any doubt in her mind as to either her extra-judicial identification or whether the appellant was the man who committed the robberies at issue. The State correctly points out that defense counsel also questioned Davis in this regard. This examination was not improper bolstering. Indeed, since the certainty of the witness is an important factor in ascertaining the credibility of the eye-witness identification, in this case the single most important trial issue, this area properly can be probed by both the prosecution and defense. *See Porter v. State,* 674 P.2d 558 (Okl.Cr.1984); *Grubb v. State,* 663 P.2d 750 (Okl.Cr.1983). Had this witness been hesitant or equivocal in her identifications, such questioning by the prosecutor could possibly be found to be improper bolstering, however, such is not the case here.

■ Appellant next argues that the trial court committed fundamental error by overruling defense objection during opening statement to the prosecutor's statement that the police received an anonymous tip conveying information that "only somebody who would have know (sic) about the robbery could have known that case (sic)." (Tr. vol. I, 30). While the thrust of Appellant's argument goes to the statement quoted, this was not objected to at trial. Defense counsel objected to the statement:

"...A few months later then the police received an anonymous tip. They received some information ..." (Tr. vol. I, 30).

The ground for objection was that the anonymous tip could not be mentioned unless it was to be introduced into evidence. On appeal this Court will review the record as made, and will not entertain grounds for objection not made at trial. *Tyler v. State,* 777 P.2d 1352 (Okl.Cr.1989); *Fitchen v. State,* 738 P.2d 177 (Okl.Cr.1987). The second statement by the prosecutor was not objected to and will therefore be reviewed

only for fundamental error. *Jones v. State*, 781 P.2d 326 (Okl.Cr.1989). If error exists, it will be found to be harmless if it did not contribute to the conviction. *Id.*

█ Detective Hoskins later testified to the fact that he had received an anonymous tip which he believed to be reliable. Appellant refers us to no case which holds that the fact that an anonymous tip was received cannot be mentioned in the opening statement. We find nothing improper here. The statement that the tip could have come only from someone who knew about the robbery does not, as appellant suggests, create an impermissible extra-judicial identification of the appellant as prohibited by *Coulter v. State*, 734 P.2d 295 (Okl.Cr.1987) for there is nothing in the prosecutor's statement that indicates the information was specifically directed toward the appellant as the perpetrator. We find no error warranting reversal or modification and affirm.

LUMPKIN, V.P.J., PARKS, P.J., and BRETT and JOHNSON, JJ., concur.